## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ETHAN E. SILVERMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br><br>    v.<br><br>BAXTER INTERNATIONAL INC., JOSÉ E. ALMEIDA, JAMES K. SACCARO, and BRIAN C. STEVENS,<br><br>              Defendants. | Case No. _____<br><br><br>**CLASS ACTION COMPLAINT**<br><br><br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff Ethan E. Silverman ("Silverman" or "Plaintiff"), alleges the following based upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters, including the investigation of Plaintiff's counsel, which included, among other things, a review of Defendants' (defined below) United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by Baxter International Inc. ("Baxter" or the "Company"), analyst reports and advisories about the Company, media reports concerning the Company, and information obtainable on the internet. Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## I.    <u>NATURE OF THE ACTION AND OVERVIEW</u>

1.    This is a federal class action on behalf of a class of all persons and entities who purchased or otherwise acquired Baxter common stock between February 21, 2019, and October 23, 2019, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

1

2. Baxter, a Delaware corporation headquartered in Deerfield, Illinois, provides a broad portfolio of essential healthcare products, including acute and chronic dialysis therapies, sterile intravenous (IV) solutions, infusion systems and devices, parenteral nutrition therapies, inhaled anesthetics, generic injectable pharmaceuticals, and surgical hemostat and sealant products. Baxter common stock trades on the New York Stock Exchange under the ticker symbol "BAX."

3. Before the markets opened on October 24, 2019, Baxter announced that it "recently began an investigation into certain intra-Company transactions undertaken for the purpose of generating foreign exchange gains or losses." According to the Company, "[t]hese transactions used a foreign exchange rate convention historically applied by the Company that was not in accordance with generally accepted accounting principles [("GAAP")] and enabled intra-Company transactions to be undertaken after the related exchange rates were already known."

4. Baxter further admitted that "[t]hese intra-Company transactions resulted in certain misstatements in the Company's previously reported non-operating income related to net foreign exchange gains" and acknowledged that, "[u]pon completion of the investigation and the Company's evaluation of the materiality of the misstatements, the Company expects to either amend its periodic reports previously filed with the SEC to include restated financial statements that correct those misstatements, or include in reports for future periods restated comparative financial statements that correct those misstatements." As noted in the announcement, "the Company previously reported net foreign exchange gains of $8 million, $113 million, $28 million, $50 million, $73 million, and $22 million, for the years 2014, 2015, 2016, 2017, 2018, and the first half of 2019, respectively."

5.      The Company further explained that "[t]he Audit Committee of the Company's Board of Directors is overseeing this investigation with the assistance of independent, experienced external advisors," that "Baxter voluntarily advised the staff of the [SEC] that the internal investigation is underway and intends to provide additional information to the SEC as the investigation progresses," and that "[t]he Company does not expect to file its quarterly report on Form 10-Q for the period ended September 30, 2019 on a timely basis."

6.      On this news, the price of Baxter common stock declined $8.87 per share, or 10.1%, from a close of $87.95 per share on October 23, 2019, to close at $79.08 per share on October 24, 2019.

7.      This Complaint alleges that, throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts, about the Company's business and operations.  Specifically, Defendants misrepresented and/or failed to disclose that: (1) certain intra-Company transactions, undertaken for the purpose of generating foreign exchange gains and losses, used foreign exchange rate conventions that were not in accordance with GAAP and enabled intra-Company transactions to be undertaken after the related exchange rates were already known; (2) the Company lacked effective internal control over financial reporting; (3) as a result, the Company's financial statements were misstated and would likely require correction or amendment; (4) due to the Company's internal investigation, Baxter would not be able to file its quarterly report for the period ending September 30, 2019, with the SEC on Form 10-Q in a timely manner; and (5) as a result of the foregoing, Defendants' statements about the Company's business and operations lacked a reasonable basis.

8.    As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common stock, Plaintiff and other members of the Class (defined below) have suffered significant damages.

## II.    JURISDICTION AND VENUE

9.    The claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and the rules and regulations promulgated thereunder, including SEC Rule 10b-5, 17 C.F.R. § 240.10b-5.

10.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

11.    Venue is proper in this District pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1391(b), because Baxter is headquartered in this District, Defendants conduct business in this District, and many of the acts and conduct that constitute the violations of law complained of herein, including the preparation and dissemination to the public of materially false and misleading information, occurred within this District.

12.    In connection with the acts, conduct, and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the United States mails, interstate telephone communications, and the facilities of the national securities markets.

## III.    PARTIES

13.    Plaintiff, as set forth in the accompanying certification, incorporated by reference herein, purchased Baxter common stock at artificially inflated prices during the Class Period and has been damaged thereby.

14.    Defendant Baxter is a Delaware corporation with its principal executive offices located at One Baxter Parkway, Deerfield, Illinois, 60015.

15.     Defendant José E. Almeida ("Almeida") is, and was at all relevant times, the Company's Chairman, President, and Chief Executive Officer.

16.     Defendant James K. Saccaro ("Saccaro") is, and was at all relevant times, the Company's Executive Vice President and Chief Financial Officer.

17.     Defendant Brian C. Stevens ("Stevens") is, and was at all relevant times, the Company's Senior Vice President, Chief Accounting Officer, and Controller.

18.     Defendants Almeida, Saccaro, and Stevens are referred to herein as the "Individual Defendants."

19.     The Individual Defendants, because of their positions with the Company, possessed the power and authority to control the contents of Baxter's reports to the SEC, press releases, and presentations to securities analysts, money and portfolio managers, and institutional investors, i.e., the market.  Each Individual Defendant was provided with copies of the Company's reports and press releases alleged herein to be misleading prior to, or shortly after, their issuance and had the ability and opportunity to prevent their issuance or cause them to be corrected.  Because of their positions and access to material non-public information available to them, each of the Individual Defendants knew that the adverse facts specified herein had not been disclosed to, and/or were being concealed from, the public, and that the positive representations which were being made were then materially false and/or misleading.

20.     Baxter and the Individual Defendants are collectively referred to herein as "Defendants."

IV.     **SUBSTANTIVE ALLEGATIONS**

   A.     **Background**

21.     Baxter is a Deerfield, Illinois-based healthcare products provider.  Through its subsidiaries, Baxter provides a broad portfolio of essential healthcare products, including acute

and chronic dialysis therapies, sterile intravenous (IV) solutions, infusion systems and devices, parenteral nutrition therapies, inhaled anesthetics, generic injectable pharmaceuticals, and surgical hemostat and sealant products. As of December 31, 2018, the Company's products were manufactured in over twenty countries and sold in over 100 countries.

### B. Defendants' False and Misleading Statements

22. The Class Period begins on February 21, 2019, to coincide with the filing of Baxter's annual report for the year ended December 31, 2018, with the SEC on Form 10-K (the "2018 Annual Report"). Therein, the Company reported, *inter alia*, net foreign exchange income of $73 million in 2018, $50 million in 2017, and $28 million in 2016. The Company further reported total net income of $1.624 billion in 2018, $717 million in 2017, and $4.965 billion in 2016, and net income (diluted) per share of $2.97 in 2018, $1.29 in 2017, and $9.01 in 2016.

23. Regarding the Company's internal control over financial reporting, the 2018 Annual Report stated, in relevant part:

> ***Management's Assessment of Internal Control Over Financial Reporting***
>
> Management is responsible for establishing and maintaining adequate internal control over financial reporting, as defined in Rules 13a-15(f) and 15d-15(f) under the Exchange Act. The [C]ompany's internal control over financial reporting is a process designed . . . to provide reasonable assurance regarding the reliability of financial reporting and the preparation of financial statements for external purposes in accordance with accounting principles generally accepted in the United States of America.
>
> \* \* \*
>
> [M]anagement concluded that the [C]ompany's internal control over financial reporting was effective as of December 31, 2018.

6

24.     Pursuant to the Sarbanes-Oxley Act of 2002, Defendants Almeida and Saccaro also certified that they had reviewed the 2018 Annual Report, that it "does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report," and that they were "responsible for establishing and maintaining . . . internal control over financial reporting."

25.     On April 25, 2019, the Company issued a press release announcing its first quarter 2019 financial and operational results. Therein, the Company reported, *inter alia*, net income of $347 million and net income (diluted) per share of $0.66 for the quarter.

26.     On May 8, 2019, the Company filed its quarterly report for the period ending March 31, 2019, with the SEC on Form 10-Q (the "First Quarter 2019 Report"). Therein, the Company confirmed its previously-announced first quarter results (net income of $347 million and net income (diluted) per share of $0.66) and reported net foreign exchange income of $5 million for the quarter.

27.     In connection with the First Quarter 2019 Report, Defendants Almeida and Saccaro certified that they had reviewed the First Quarter 2019 Report, that it "does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report," and that they were "responsible for establishing and maintaining . . . internal control over financial reporting." To this end, the Company stated that, with the exception of recent efforts to upgrade the Company's enterprise resource planning software, "there have been no changes in our internal control over financial reporting . . . during

the quarter ended March 31, 2019 that have materially affected, or are reasonably likely to materially affect, our internal control over financial reporting."

28.      On July 25, 2019, the Company issued a press release announcing its second quarter 2019 financial and operational results.  Therein, the Company reported, *inter alia*, net income of $343 million and net income (diluted) per share of $0.66 for the quarter.

29.      On July 30, 2019, the Company filed its quarterly report for the period ending June 30, 2019, with the SEC on Form 10-Q (the "Second Quarter 2019 Report").  Therein, the Company confirmed its previously-announced second quarter results (net income of $343 million and net income (diluted) per share of $0.66) and reported net foreign exchange income of $17 million for the quarter.

30.      In connection with the Second Quarter 2019 Report, Defendants Almeida and Saccaro certified that they had reviewed the Second Quarter 2019 Report, that it "does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report," and that they were "responsible for establishing and maintaining . . . internal control over financial reporting."  To this end, the Company stated that, with the exception of recent efforts to upgrade the Company's enterprise resource planning software, "there have been no changes in our internal control over financial reporting . . . during the quarter ended June 30, 2019 that have materially affected, or are reasonably likely to materially affect, our internal control over financial reporting."

31.      The statements contained in paragraphs 22–30 were materially false and/or misleading when made because Defendants misrepresented and/or failed to disclose that: (1) certain intra-Company transactions, undertaken for the purpose of generating foreign exchange

gains and losses, used foreign exchange rate conventions that were not in accordance with GAAP and enabled intra-Company transactions to be undertaken after the related exchange rates were already known; (2) the Company lacked effective internal control over financial reporting; (3) as a result, the Company's financial statements were misstated and would likely require correction or amendment; (4) due to the Company's internal investigation, Baxter would not be able to file its quarterly report for the period ending September 30, 2019, with the SEC on Form 10-Q in a timely manner; and (5) as a result of the foregoing, Defendants' statements about the Company's business and operations lacked a reasonable basis.

### C.    The Truth Begins to Emerge

32.    Investors began to learn the truth of the Company's misleading statements prior to trading on October 24, 2019, when the Company announced that it "recently began an investigation into certain intra-Company transactions undertaken for the purpose of generating foreign exchange gains or losses."  According to the Company, "[t]hese transactions used a foreign exchange rate convention historically applied by the Company that was not in accordance with [GAAP] and enabled intra-Company transactions to be undertaken after the related exchange rates were already known."

33.    Baxter further admitted that "[t]hese intra-Company transactions resulted in certain misstatements in the Company's previously reported non-operating income related to net foreign exchange gains" and acknowledged that, "[u]pon completion of the investigation and the Company's evaluation of the materiality of the misstatements, the Company expects to either amend its periodic reports previously filed with the SEC to include restated financial statements that correct those misstatements, or include in reports for future periods restated comparative financial statements that correct those misstatements."  As noted in the announcement, "the Company previously reported net foreign exchange gains of $8 million, $113 million, $28 million,

$50 million, $73 million, and $22 million, for the years 2014, 2015, 2016, 2017, 2018, and the first half of 2019, respectively."

34.     The Company also explained that "[t]he Audit Committee of the Company's Board of Directors is overseeing this investigation with the assistance of independent, experienced external advisors," that "Baxter voluntarily advised the staff of the [SEC] that the internal investigation is underway and intends to provide additional information to the SEC as the investigation progresses," and that "[t]he Company does not expect to file its quarterly report on Form 10-Q for the period ended September 30, 2019 on a timely basis."

35.     On the Company's earnings call with investors and analysts that same day, Defendant Almeida affirmed the Company's statements about the investigation and remarked that Baxter was "taking steps to strengthen and enhance our internal controls," but refused to provide additional information "[b]eyond what we shared in our press release . . . while the investigation is ongoing."

36.     On this news, the price of Baxter common stock declined $8.87 per share, or 10.1%, from a close of $87.95 per share on October 23, 2019, to close at $79.08 per share on October 24, 2019.

37.     Analysts with Deutsche Bank Securities Inc. remarked that "the disclosure of an internal investigation relating to FX gains and losses inconsistent with GAAP standards resulting in misstatement of non-operating profits historically . . . casts a cloud of uncertainty that will continue to weigh on valuation." Similarly, analysts at Bloomberg Finance LP explained that eliminating the Company's reported foreign exchange gains "would reduce EPS an average of 4% each year from 2014 through [the first half of 2019]."

## V.    PLAINTIFF'S CLASS ACTION ALLEGATIONS

38.    Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who purchased Baxter common stock during the Class Period (the "Class"). Excluded from the Class are Defendants, their agents, directors and officers of Baxter, and their families and affiliates.

39.    The members of the Class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court. According to the Company's 2018 Annual Report, the Company had approximately 512 million shares of common stock outstanding, owned by thousands of persons.

40.    There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the Class which predominate over questions which may affect individual Class members include:

a.    Whether Defendants violated the Exchange Act;

b.    Whether Defendants omitted and/or misrepresented material facts;

c.    Whether Defendants' statements omitted material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;

d.    Whether Defendants knew or recklessly disregarded that their statements were false and misleading;

e.    Whether the price of Baxter common stock was artificially inflated; and

f.    The extent of damage sustained by members of the Class and the appropriate measure of damages.

41.    Plaintiff's claims are typical of those of the Class because Plaintiff and the Class sustained damages from Defendants' wrongful conduct.

42.     Plaintiff will adequately protect the interests of the Class and has retained counsel who are experienced in class action securities litigation.  Plaintiff has no interests which conflict with those of the Class.

43.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## VI.    APPLICABILITY OF PRESUMPTION OF RELIANCE: FRAUD-ON-THE-MARKET DOCTRINE

44.     Plaintiff will rely upon the presumption of reliance establish by the fraud-on-the-market doctrine in that, among other things:

a.   Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

b.   The omissions and misrepresentations were material;

c.   The Company's common stock traded in an efficient market;

d.   The misrepresentations alleged would tend to induce a reasonable investor to misjudge the value of the Company's common stock; and

e.   Plaintiff and other members of the Class purchased Baxter common stock between the time Baxter and the Individual Defendants misrepresented or failed to disclose material facts and the time the true facts were disclosed, without knowledge of the misrepresented or omitted facts.

45.     At all relevant times, the market for Baxter common stock was efficient for the following reasons, among others: (1) as a regulated issuer, Baxter filed periodic public reports with the SEC; and (2) Baxter regularly communicated with public investors via established market communication mechanisms, including through regular disseminations of press releases on the

major news wire services and through other wide-ranging public disclosures, such as communications with the financial press, securities analysts, and other similar reporting services.

## VII.  NO SAFE HARBOR

46.     Defendants' "Safe Harbor" warnings accompanying any forward-looking statements issued during the Class Period were ineffective to shield those statements from liability. Defendants are also liable for any false and/or misleading forward-looking statements pleaded because, at the time each forward-looking statement was made, the speaker knew the forward-looking statement was false or misleading and the forward-looking statement was authorized and/or approved by an executive officer of Baxter who knew that the forward-looking statement was false.  None of the historic or present-tense statements made by Defendants were assumptions underlying or relating to any plan, projection, or statement of future economic performance, as they were not stated to be such assumptions underlying or relating to any projection or statement of future economic performance when made, nor were any of the projections or forecasts made by Defendants expressly related to or stated to be dependent on those historic or present-tense statements when made.

## VIII.  LOSS CAUSATION/ECONOMIC LOSS

47.     Defendants' wrongful conduct, as alleged herein, directly and proximately caused the economic loss suffered by Plaintiff and the Class.  The price of Baxter common stock significantly declined when the misrepresentations made to the market, and/or the information alleged herein to have been concealed from the market, and/or the effects thereof, were revealed, causing investors' losses.  As a result of their purchases of Baxter common stock during the Class Period, Plaintiff and other members of the Class suffered economic loss, *i.e.* damages, under the federal securities laws.

IX.    SCIENTER ALLEGATIONS

48.    During the Class Period, Defendants had both the motive and opportunity to commit fraud.  They also had actual knowledge of the misleading nature of the statements they made or acted in reckless disregard of the true information known to them at the time.  In so doing, Defendants participated in a scheme to defraud and committed acts, practices, and participated in a course of business that operated as a fraud or deceit on purchasers of Baxter common stock during the Class Period.

X.    CLAIMS AGAINST DEFENDANTS

COUNT I

Violation of Section 10(b) of the Exchange Act and

Rule 10b-5 Promulgated Thereunder

against All Defendants

49.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

50.    During the Class Period, Defendants carried out a plan, scheme, and course of conduct which was intended to and, throughout the Class Period, did: (1) deceive the investing public, including Plaintiff and other members of the Class, as alleged herein; and (2) cause Plaintiff and other members of the Class to purchase Baxter common stock at artificially inflated prices.  In furtherance of this unlawful scheme, plan, and course of conduct, the Defendants, and each of them, took the actions set forth herein.

51.    Defendants: (1) employed devices, schemes, and artifices to defraud; (2) made untrue statements of material fact and/or omitted material facts necessary to make the statements not misleading; and (3) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the Company's common stock in an effort to maintain

14

artificially high market prices thereof in violation of Section 10(b) of the Exchange Act and SEC Rule 10b-5.

52.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases of the Company's stock during the Class Period.

## COUNT II

### Violation of Section 20(a) of the Exchange Act

### against the Individual Defendants

53.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

54.     The Individual Defendants acted as controlling persons of Baxter within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their high-level positions, and their ownership and contractual rights, participation in and/or awareness of the Company's operations and/or intimate knowledge of the false financial statements filed by the Company with the SEC and disseminated to the investing public, the Individual Defendants had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and/or misleading.  The Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings, and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

55.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, are presumed to have

15

had the power to control or influence the particular accounting practices giving rise to the securities violations as alleged herein, and exercised the same.

56.     As set forth above, Baxter and the Individual Defendants each violated Section 10(b) of the Exchange Act and SEC Rule 10b-5 by their acts and omissions as alleged in this Complaint.  By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of this wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of Baxter common stock during the Class Period.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a.     Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

b.     Awarding compensatory damages and equitable relief in favor of Plaintiff and other members of the Class against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

c.     Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

d.     Such other and further relief as the Court may deem just and proper.

## XI.     <u>JURY TRIAL DEMANDED</u>

Plaintiff hereby demands a trial by jury.

Dated: November 25, 2019                              Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP**

*/s/ Avi Josefson*
Avi Josefson

16

875 North Michigan Avenue, Suite 3100
Chicago, IL 60611
Telephone: (312) 373-3880
Facsimile: (312) 794-7801
avi@blbglaw.com

-and-

Michael D. Blatchley
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
michaelb@blbglaw.com

**KESSLER TOPAZ**
  **MELTZER & CHECK, LLP**
Naumon A. Amjed
Ryan T. Degnan
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
namjed@ktmc.com
rdegnan@ktmc.com

**THE SCHALL LAW FIRM**
Brian Schall
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (310) 301-3335
Facsimile: (310) 388-0192
brian@schallfirm.com

*Attorneys for Plaintiff*

17

## CERTIFICATION

I, Ethan E. Silverman, declare that:

1.      I have reviewed the facts and allegations of the complaint and authorize its filing.

2.      I did not purchase and/or acquire the security that is the subject of this action at the direction of my counsel nor in order to participate in any private action under the federal securities laws.

3.      I am willing to serve as a representative party on behalf of the class, including giving testimony at deposition and trial, if necessary. I understand that this is not a claim form, and that my ability to share in any recovery as a member of the class is not dependent upon execution of this Certification.

4.      My Class Period purchase and sale transaction(s) in Baxter International Inc. securities that are the subject of this action are attached in Schedule A.  I have complete authority to bring a suit to recover for investment losses for all securities set forth in Schedule A.

5.      During the three years prior to the date of this Certification, I have not sought to serve nor served as a representative party for a class in an action filed under the federal securities laws except for in the following actions: *Kessman v. Myriad Genetics, Inc.*, No. 2:18-cv-00336 (D. Utah), *In re Toronto-Dominion Bank Securities Litigation,* No. 1:17-cv-01665 (D.N.J.) and *Silverman v. Myriad Genetics, Inc. et al.,* No. 2:19-cv-00707 (D. Utah).

6.      I will not accept any payment for serving as a representative party on behalf of the class beyond my pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated: 11/22/2019

Ethan Silverman
_____
Ethan E. Silverman

## SCHEDULE A

| Security | Buy/Sell | Date | Quantity | Price |
|---|---|---|---|---|
| Com Stk | Buy | 8/26/2019 | 4,000 | $85.64 |
| Com Stk | Buy | 10/15/2019 | 4,700 | $87.87 |
| Com Stk | Buy | 10/15/2019 | 100 | $87.87 |
| Com Stk | Buy | 10/15/2019 | 100 | $87.87 |
| Com Stk | Buy | 10/15/2019 | 100 | $87.87 |
| Com Stk | Sell | 8/27/2019 | 196 | $85.90 |
| Com Stk | Sell | 8/27/2019 | 110 | $85.89 |
| Com Stk | Sell | 8/27/2019 | 600 | $85.87 |
| Com Stk | Sell | 8/27/2019 | 2,500 | $85.87 |
| Com Stk | Sell | 8/27/2019 | 594 | $85.87 |