# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ETHAN E. SILVERMAN, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BAXTER INTERNATIONAL INC., JOSÉ E. ALMEIDA, JAMES K. SACCARO, and BRIAN C. STEVENS,<br><br>Defendants. | Case No. 1:19-cv-07786<br><br>Honorable Sara L. Ellis |

**JOINT DECLARATION OF ELLI SISTONEN AND BEN HUXEN IN SUPPORT OF THE MOTION OF VARMA MUTUAL PENSION INSURANCE COMPANY AND LOUISIANA MUNICIPAL POLICE EMPLOYEES' RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

We, Elli Sistonen and Ben Huxen, pursuant to 28 U.S.C. § 1746, declare as follows:

1.  We respectfully submit this Joint Declaration in support of Varma Mutual Pension Insurance Company ("Varma") and Louisiana Municipal Police Employees' Retirement System's ("LAMPERS")'s motion for appointment as Lead Plaintiff in the above-captioned securities class action against Baxter International Inc. ("Baxter") and other defendants. We are informed of and understand the requirements and duties of the Lead Plaintiff imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), including the selection and retention of counsel and overseeing the prosecution of the action. We each have personal knowledge regarding the facts set forth in this Joint Declaration relating to the institution with which we are associated.

2.  I, Elli Sistonen, am Legal Counsel, Investments Legal and Compliance, to Varma and am authorized to make this Joint Declaration on its behalf. Based in Helsinki, Finland, Varma manages the pension savings for approximately 900,000 Finns. As of September 30, 2019, Varma had more than $50 billion in assets under management. As set forth in the motion for appointment as Lead Plaintiff and supporting papers, Varma incurred substantial losses on its investments in Baxter securities. Varma is a sophisticated institutional investor that understands, appreciates, and accepts the duties and responsibilities with which a lead plaintiff is charged under the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Varma's familiarity with the PSLRA's requirements is informed by, among other things, its role serving as lead plaintiff in *In re Aetna Inc. Securities Litigation*, No. 2:07-cv-04451 (E.D. Pa.), with Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") serving as lead counsel.

3.  I, Ben Huxen, am the Executive Director and General Counsel of LAMPERS and am authorized to make this Joint Declaration on its behalf. LAMPERS is a statewide retirement system that provides retirement, disability, and survivor benefits to full-time police officers in

1

Louisiana and their families, and has done so for over 46 years. LAMPERS oversees more than $2.2 billion in assets on behalf of over 12,000 active participants. As set forth in the motion for appointment as Lead Plaintiff and supporting papers, LAMPERS incurred substantial losses on its investments in Baxter securities. LAMPERS is a sophisticated institutional investor that understands, appreciates, and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA. LAMPERS's familiarity with the PSLRA's requirements is informed by, among other things, its role serving as lead plaintiff together with three other investors in *In re Schering-Plough Corporation/ENHANCE Litigation*, No. 08-cv-397 (D.N.J.), in which LAMPERS recovered $473 million for investors. Bernstein Litowitz served as co-lead counsel in that case. In addition, LAMPERS served as lead plaintiff together with another institutional investor in *In re 3Com Corp. Securities Litigation*, No. 97-cv-21083 (N.D. Cal.), recovering $259 million for investors (also with Bernstein Litowitz serving as co-lead counsel), and served as lead plaintiff with four other institutional investors in *Louisiana Municipal Police Employees' Retirement System v. Green Mountain Coffee Roasters, Inc.*, No. 11-cv-289 (D. Vt.), recovering $36.5 million for investors with Bernstein Litowitz and Kessler Topaz serving as co-lead counsel.

4. Varma and LAMPERS are strongly motivated to recover the significant losses that they and the Class suffered as a result of defendants' violations of the federal securities laws. Indeed, Varma and LAMPERS's principal goal in seeking to serve as Lead Plaintiff in this case is to achieve the best possible recovery for the Class from all culpable parties. Accordingly, we believe that the prosecution of this case should be entrusted to experienced institutional investors that have a significant financial interest in the claims against defendants and are committed to ensuring the action is litigated as zealously and efficiently as possible, in accordance with their duties under the PSLRA. Accordingly, Varma and LAMPERS hereby reaffirm our commitment

to satisfying the fiduciary obligations that we will assume if appointed Lead Plaintiff, including by conferring with counsel regarding litigation strategy and other matters, attending court proceedings, depositions, any settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents. Through these and other measures, Varma and LAMPERS will ensure that the Baxter securities litigation will be vigorously prosecuted consistent with the Lead Plaintiff's obligations under the PSLRA and in the best interests of the Class, and will seek to obtain the greatest possible recovery for the Class.

5. Varma and LAMPERS each determined that they could maximize the Class's recovery by pooling their respective resources and experience by jointly seeking appointment as Lead Plaintiff. After reviewing the allegations pleaded in the complaint filed by Kessler Topaz and Bernstein Litowitz, and consulting with their respective counsel, Varma and LAMPERS each independently determined to seek joint appointment as Lead Plaintiff, and subsequently approved the filing of a joint motion seeking their appointment as Lead Plaintiff.

6. In exploring their potential leadership of this case, Varma and LAMPERS expressed an interest in working with other sophisticated institutional investors in seeking joint Lead Plaintiff appointment. Further, based on their experience serving as lead plaintiff in securities class actions, Varma and LAMPERS believe that their partnership would allow for their sharing of experiences and resources and would add substantial value to the prosecution of this action and benefit the Class.

7. After additional diligence, Varma and LAMPERS each independently determined that our funds could best achieve our shared goals of securing the maximum potential recovery for Baxter investors by seeking joint appointment as Lead Plaintiff, and that our partnership would ensure the Class was represented by highly-qualified counsel.

8.     As part of an effort to formalize our leadership over this action, and to begin discussing our strategy for prosecuting this action as Lead Plaintiff, representatives of Varma and LAMPERS participated in a conference call on January 17, 2020, to discuss our respective funds' losses arising from defendants' misconduct, the claims against Baxter, and the procedures and protocols we would follow in jointly prosecuting the case. During this call, Varma and LAMPERS also discussed: the benefits the Class would receive from the leadership of committed institutions; our desire to maximize the recovery for the Class; our interests in prosecuting the case in a collaborative fashion; the measures we would employ to ensure that representatives of Varma and LAMPERS could discuss the prosecution of this matter either with or without counsel; and ensuring that investors' claims will be efficiently and zealously prosecuted through our oversight of our proposed Lead Counsel, Kessler Topaz and Bernstein Litowitz.

9.     Varma and LAMPERS agree that our collective resources, combined experience leading securities class actions, and our ability to engage in joint decision-making will materially benefit and advance the interests of the Class in this case. Through our discussions we determined that Varma and LAMPERS were like-minded, sophisticated institutional investors that each had a substantial financial stake in this litigation and share a commitment to maximizing investors' recovery.

10.     We understand that the PSLRA and courts throughout the country, including courts in this District, have endorsed the appointment of small groups of institutional investors to serve as lead plaintiff when the group is able to establish that its members are able to oversee the litigation and their proposed lead counsel in an independent manner. We intend to prosecute this action in such an independent and vigorous manner.

4

11. Moreover, both Varma and LAMPERS are highly motivated to recover our funds' respective substantial losses and intend to share our perspectives, experiences, and resources to direct this litigation. To this end, we have discussed with each other the importance of joint decision-making, open communication and the ability to confer, with or without counsel, via telephone and email on short notice to ensure that we are able to make timely decisions. Among other things, Varma and LAMPERS each have experienced and qualified staff who will oversee this matter and are available to confer via telephone and email to ensure that the funds are able to make timely decisions.

12. In addition to discussing our goals for the litigation, Varma and LAMPERS recognized the importance of selecting qualified law firms to prosecute the litigation, and that they do so in a cost-effective manner. With respect to our selected counsel, we believe that the Class will benefit from having law firms experienced in jointly litigating securities class actions successfully serving as Lead Counsel. We are familiar with the experience, resources, and successes of our proposed Lead Counsel, Bernstein Litowitz and Kessler Topaz, and are aware that they are both accomplished law firms with a history of achieving significant recoveries in actions they have prosecuted together as co-lead counsel, including actions in which LAMPERS served as co-lead plaintiff. We have also been advised that both firms have been investigating claims against the defendants for weeks and that Bernstein Litowitz and Kessler Topaz filed the first, and only, complaint in this case.

13. Through our oversight of our proposed Lead Counsel, we are confident that Bernstein Litowitz and Kessler Topaz will prosecute this litigation in a zealous and efficient manner. Indeed, we understand that Bernstein Litowitz and Kessler Topaz have successfully prosecuted, and are currently prosecuting, several securities class actions together, and that they

5

have a demonstrated track record of achieving some of the largest securities class action recoveries while working together efficiently and in a cost-effective manner.

14. To further ensure that this litigation will be prosecuted efficiently and without duplicative effort, prior to seeking appointment as Lead Plaintiff, we instructed Bernstein Litowitz and Kessler Topaz to enter into a Joint Prosecution Agreement to govern counsels' activities in this litigation. We have further instructed Bernstein Litowitz and Kessler Topaz to provide the Joint Prosecution Agreement to the Court for *in camera* review should the Court deem such a review helpful. Consistent with the Joint Prosecution Agreement, as part of our oversight of counsel, and to ensure there is no duplication of effort, we have instructed our proposed Lead Counsel to keep contemporaneous time records to be provided to us upon request. In addition, both Varma and LAMPERS understand the Lead Plaintiff's responsibility to ensure that any request for attorneys' fees sought by counsel are appropriate. We have taken that obligation seriously, and believe the limit on fees set forth in our respective retainer agreements with counsel properly align the interests of counsel with those of the Class and are consistent with previous attorneys' fees awarded by courts in this District in cases asserting claims under the federal securities laws. We also understand that the amount of attorneys' fees awarded to counsel in this case, if any, will be set by the Court. Ultimately, we believe the experience and success of Bernstein Litowitz and Kessler Topaz in jointly prosecuting securities class actions, combined with our oversight of these firms, will ensure that the Class receives the best possible representation in this case.

**[REMAINDER INTENTIONALLY BLANK]**

6

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to Varma are true and correct to the best of my knowledge. Executed this 20 day of January 2020.

_____
Elli Sistonen
Legal Counsel, Investments Legal and Compliance
Varma Mutual Pension Insurance Company
*On behalf of Varma*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to LAMPERS are true and correct to the best of my knowledge. Executed this 17th day of January 2020.

Ben Huxen
Executive Director and General Counsel
Louisiana Municipal Police Employees' Retirement System
*On behalf of LAMPERS*