**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE BAXTER INTERNATIONAL INC. SECURITIES LITIGATION | Case No. 1:19-cv-07786<br><br>Judge Sara L. Ellis<br><br>Magistrate Judge Jeffrey I. Cummings |

**DEFENDANTS' MOTION TO CONSIDER DOCUMENTS UNDER THE**
**INCORPORATION-BY-REFERENCE DOCTRINE OR BY JUDICIAL NOTICE**

## I.    INTRODUCTION[1]

In ruling on a motion to dismiss a complaint brought under the federal securities laws, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also, e.g., Geinosky v. City of Chicago,* 675 F.3d 743, 745 n.1 (7th Cir. 2012) (when ruling on a motion to dismiss, courts consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice").

The incorporation-by-reference doctrine allows the Court to consider documents referenced in Plaintiffs' Complaint even if they are not physically attached to the pleading. *See Tellabs*, 551 U.S. at 322; *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). Under Federal Rule of Evidence 201(b)(2), the Court also may take judicial notice of any fact that is "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Documents that are subject to judicial notice may be considered "without converting a motion to dismiss into a motion for summary judgment." *Menominee Indian Tribe v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998). Exhibits 1-7 attached to the Declaration of Whitney B. Weber ("Weber Declaration"), submitted as part of Defendants' Motion to Dismiss, are both incorporated by reference in the Complaint and subject to judicial notice.

---

[1] All defined terms have the same meanings as those set forth in Defendants' Memorandum of Law in Support of Motion to Dismiss Class Action Complaint ("Motion to Dismiss"), filed contemporaneously herewith.

## II.    ARGUMENT

### A.    All of the Exhibits Are Incorporated by Reference in the Complaint

Plaintiffs allege that Defendants made misstatements in SEC filings, press releases, and investor calls that "artificially inflated" Baxter's stock price—and that Baxter's stock price fell when the alleged "truth" about those statements became known.  *See* AC ¶¶ 132-160, 163-64.  Plaintiffs likewise allege that certain of Baxter's SEC filings, as well as a PwC Foreign Currency Guide, revealed the purported falsity of the Challenged Statements and/or are relevant to determining whether the statements were false and misleading or made with the requisite scienter.  *See, e.g.*, AC ¶¶ 14, 44, 79, 97, 124, 164, 166.  Because these materials (identified in the chart below) are specifically referenced in the Complaint, they are incorporated by reference and can be considered by the Court.  *See, e.g.*, *Riggs Partners, LLC. v. Hub Grp., Inc.*, 2002 WL 31415721, at *1 (N.D. Ill. Oct. 25, 2002) (court is "not limited merely to the allegations in a complaint," but rather can consider documents attached to a defendant's motion to dismiss if the documents are "referenced in the complaint"); *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading" are appropriately considered at the motion to dismiss stage) (citation and quotation omitted); *Constr. Workers Pension Fund v. Navistar Int'l Corp.*, 114 F. Supp. 3d 633, 646 n.7 (N.D. Ill. 2015) (court can consider documents containing alleged misstatements even if those plaintiffs only reference "selected excerpts" in the complaint); *Tierney*, 304 F.3d at 738 (court may consider documents "merely [] referred to in the complaint," provided they are "authentic").

| Exhibits | Citations in AC |
|---|---|
| **Exhibit 1:** Baxter's Proxy Statement, filed with the SEC on March 17, 2020 | AC ¶¶ 124, 125 |

| Exhibits | Citations in AC |
|---|---|
| **Exhibit 2:** Baxter's 2018 Form 10-K for the fiscal year ended December 31, 2018, filed with the SEC on February 21, 2019 | AC ¶¶ 29, 30, 33, 56, 60, 69, 73, 128, 131, 132, 133, 134, 147, 148, 149, 155, 156, 157, 158, 159, 160 |
| **Exhibit 3**: Restated Form 10-K for the fiscal year ended December 31, 2019, filed with the SEC on March 17, 2020 | AC ¶¶ 8, 29, 33, 49, 73, 92, 125, 131, 147, 148, 155 |
| **Exhibit 4:** PricewaterhouseCoopers LLP's 2019 Foreign Currency Guide, last updated June 2019 | AC ¶ 44 |
| **Exhibit 5:** Baxter's Form 8-K filed with the SEC on October 24, 2019, attaching Baxter's October 24, 2019 Press Release | AC ¶¶ 7, 81, 82, 84, 86, 87, 114, 164, 165, 166, 167 |
| **Exhibit 6:** Baxter's Form 8-K filed with the SEC on February 13, 2020 | AC ¶ 87 |
| **Exhibit 7:** Baxter's historical share prices, from February 21, 2019 through March 19, 2020 | AC ¶¶ 85, 163, 164, 167 |

## B.    All of the Exhibits Are Subject to Judicial Notice

Even if Baxter's SEC filings, press releases, historical stock prices, and the PwC Foreign Currency Guide were not incorporated by reference (they are), judicial notice of these materials is proper under Federal Rule of Evidence 201(b)(2). *See* Exs. 1-7. Indeed, courts routinely take judicial notice of this information in considering motions to dismiss securities class action complaints. *See, e.g.*, *In re Midway Games, Inc. Sec. Litig.*, 332 F. Supp. 2d 1152, 1155 n.1 (N.D. Ill. 2004) (taking judicial notice of SEC filings and conference-call transcripts); *Menominee Indian Tribe v. U.S. Dep't of Interior*, 2010 WL 4628916, at *4 & n.3 (E.D. Wis. Nov. 4, 2010) (taking judicial notice of a press release); *United States ex rel. Bott v. Silicon Valley Colleges*, 2005 WL 8165530, at *4 (N.D. Cal. July 13, 2005) (taking judicial notice of an audit guide publicly available online); *Cent. Laborers' Pension Fund v. Sirva, Inc.*, 2006 WL 2787520, at *9 n.2 (N.D. Ill. Sep. 22, 2006) (taking judicial notice of "well-publicized stock

3

prices"); *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 814, 816 (C.D. Cal. 2004) ("[A] court may take judicial notice of a company's published stock prices.").

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider Exhibits 1-7, attached to and contained in the Weber Declaration, when assessing Defendants' Motion to Dismiss.

Dated: August 24, 2020

Respectfully submitted,

By s/ Sean M. Berkowitz
Sean M. Berkowitz (ARDC No. 6209701)
Nicholas J. Siciliano (ARDC No. 6287387)
LATHAM & WATKINS LLP
sean.berkowitz@lw.com
nicholas.siciliano@lw.com
330 N Wabash Ave, Suite 2800
Chicago, Illinois 60611
(312) 876-7700

Whitney B. Weber (ARDC No. 6311007)
LATHAM & WATKINS LLP
whitney.weber@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 931-0600

*Attorneys for Defendants Baxter International Inc., José E. Almeida and James K. Saccaro*

4