# EXHIBIT 1

**EXECUTION COPY**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| IN RE BAXTER INTERNATIONAL INC. SECURITIES LITIGATION | Case No. 1:19-cv-07786 |
|  | District Judge Sara L. Ellis |
|  | Magistrate Judge Jeffrey I. Cummings |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement dated as of April 1, 2021 (the "Stipulation") is entered into between (a) Louisiana Municipal Police Employees' Retirement System and Varma Mutual Pension Insurance Company (together, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) Baxter International Inc. ("Baxter" or the "Company"), José E. Almeida, and James K. Saccaro ("Defendants," and together with Lead Plaintiffs, the "Parties"), by and through their counsel of record, and embodies the terms and conditions of the settlement of the above-captioned action ("Action").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all Released Plaintiffs' Claims (defined below) against Defendants.

**WHEREAS:**

A. On November 25, 2019, a putative securities class action complaint was filed in the United States District Court for the Northern District of Illinois ("Court"), styled *Silverman v.*

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 below.

**EXECUTION COPY**

*Baxter International Inc. et al.*, Case No. 1:19-cv-07786, on behalf of certain purchasers of Baxter common stock. ECF No. 1.

B.      By Order dated January 31, 2020, the Court appointed Louisiana Municipal Police Employees' Retirement System and Varma Mutual Pension Insurance Company as Lead Plaintiffs and approved Lead Plaintiffs' selection of Bernstein Litowitz Berger & Grossmann LLP and Kessler Topaz Meltzer & Check, LLP as Lead Counsel for the class. ECF No. 21.

C.      On June 25, 2020, Lead Plaintiffs filed the Class Action Complaint and Demand for Jury Trial ("Complaint"). ECF No. 34. The Complaint asserted claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder against Defendants. The Complaint alleged that Defendants made materially false and misleading statements and omissions concerning: (i) Baxter's income related to foreign exchange fluctuations, as well as other financial metrics reflecting that income item; (ii) Baxter's compliance with generally accepted accounting principles; and (iii) Baxter's internal controls over financial reporting. The Complaint further alleged that the price of Baxter common stock was artificially inflated during the Class Period as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed on October 24, 2019.

D.      On August 24, 2020, Defendants moved to dismiss the Complaint. ECF Nos. 39-41. On October 8, 2020, Lead Plaintiffs opposed Defendants' motion to dismiss (ECF No. 43), and on November 9, 2020, Defendants filed their reply in support of their motion (ECF No. 44).

E.      On January 12, 2021, the Court issued an Opinion and Order granting Defendants' motion to dismiss ("MTD Order"). ECF No. 47. By the MTD Order, the Court provided Lead Plaintiffs twenty-one (21) days to amend the Complaint. The Court subsequently extended this deadline to February 26, 2021. ECF No. 49.

F.     Following the Court's issuance of the MTD Order, the Parties discussed the possibility of resolving the Action through settlement and agreed to mediation before Greg Lindstrom of Phillips ADR. A mediation session with Mr. Lindstrom was scheduled for February 17, 2021. In advance of the mediation, the Parties exchanged detailed mediation statements addressing liability and damages issues.

G.     At the February 17, 2021 mediation session, the Parties reached an agreement in principle to settle the Action. The Parties memorialized their agreement in a term sheet executed on February 25, 2021 ("Term Sheet"). The Term Sheet sets forth, among other things, the Parties' agreement to settle and release all claims against Defendants in return for a cash payment by or on behalf of Defendants of $16,000,000 for the benefit of the Settlement Class, subject to certain terms and conditions, the execution of a customary "long form" stipulation and agreement of settlement and related papers, and the successful completion of Due Diligence Discovery. This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties and supersedes the Term Sheet.

H.     On February 25, 2021, the Parties filed the Joint Motion Requesting a Stay of Deadlines Pending Motion for Preliminary Approval of Settlement (ECF No. 50), which the Court granted on March 1, 2021 (ECF No. 53).

I.     On or about March 4, 2021, in accordance with the Term Sheet, Defendants commenced their production of documents in connection with the Due Diligence Discovery to which the Parties agreed in order to confirm the adequacy of the Settlement.

J.     Due Diligence Discovery is ongoing.

K.     Based upon their investigation, prosecution, and mediation of the case, and subject to the completion of the ongoing Due Diligence Discovery, Lead Plaintiffs and Lead

Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiffs and the other members of the Settlement Class, and in their best interests. Based on Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, Lead Plaintiffs have agreed to settle and release the Released Plaintiffs' Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; (b) the significant risks and costs of continued litigation and trial; and (c) the desirability of permitting the proposed Settlement to be consummated as provided by this Stipulation.

L.      This Stipulation constitutes a compromise of all matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiffs (individually and on behalf of all other members of the Settlement Class) and

4

Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1. As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

a. "Action" means the securities class action styled *In re Baxter Int'l, Inc. Sec. Litig.*, Case No. 1:19-cv-07786 (N.D. Ill.).

b. "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

c. "Authorized Claimant" means a Settlement Class Member who submits a Claim to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund pursuant to the terms of the Court-approved Plan of Allocation.

d. "Baxter" or the "Company" means Baxter International Inc.

e. "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

f. "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

5

g.       "Claimant" means a person or entity who or which submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

h.       "Claims Administrator" means the firm retained by Lead Counsel, subject to approval of the Court, to administer the Settlement, including providing all notices approved by the Court to potential Settlement Class Members and processing Proof of Claim Forms.

i.       "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

j.       "Class Period" means the period from February 21, 2019 through October 23, 2019, inclusive.

k.       "Complaint" means the Class Action Complaint and Demand for Jury Trial filed by Lead Plaintiffs in the Action on June 25, 2020.

l.       "Court" means the United States District Court for the Northern District of Illinois.

m.       "Defendants" means Baxter, José E. Almeida, and James K. Saccaro.

n.       "Defendants' Counsel" means Latham & Watkins LLP.

o.       "Defendants' Releasees" means Defendants and all of their respective past, present and future parent companies, subsidiaries, affiliates, divisions, joint ventures, subcontractors, agents, assigns, auditors, accountants, attorneys, financial or investment advisors or consultants, banks or investment bankers, insurers, subrogates, co-insurers and reinsurers, and all of their respective past, present and future officers, directors, fiduciaries, employees, members, partners, principals, shareholders, and owners, in their capacities as such; any entity in which a Defendant has a controlling interest; and any member of an Individual Defendant's

Immediate Family, or any trust of which any Individual Defendant is a settlor or which is for the benefit of any Defendant and/or member(s) of his or her Immediate Family, and each of the heirs, executors, administrators, predecessors, successors, and assigns of the foregoing, in their capacities as such.

p. "Due Diligence Discovery" means the discovery that Lead Plaintiffs have undertaken for the purpose of confirming the adequacy of the Settlement.

q. "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 39 of this Stipulation have been met and have occurred or have been waived.

r. "Escrow Account" means an account maintained at The Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

s. "Escrow Agent" means The Huntington National Bank.

t. "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

u. "Final" shall mean, with respect to the Judgment or, if applicable, the Alternate Judgment, the occurrence of either of the following (whichever is earlier): (i) if an appeal or review is not sought by any Person from the Judgment or the Alternative Judgment, the day following the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the Judgment or Alternate Judgment; or (ii) if an appeal or review is sought from the Judgment or the Alternate Judgment, the day after such Judgment or Alternative Judgment is no longer subject to further

7

judicial review, including upon appeal or review by a writ of certiorari. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs, or expenses, or (ii) the Plan of Allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude the Judgment or, if applicable, the Alternative Judgment from becoming Final.

v. "Immediate Family" means, as defined in 17 C.F.R § 229.404, Instructions 1(a)(iii) and 1(b)(ii), children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, sisters-in-law and any persons (other than a tenant or employee) sharing the household.

w. "Individual Defendants" means José E. Almeida and James K. Saccaro.

x. "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

y. "Lead Counsel" means Bernstein Litowitz Berger & Grossmann LLP and Kessler Topaz Meltzer & Check, LLP.

z. "Lead Plaintiffs" means Louisiana Municipal Police Employees' Retirement System and Varma Mutual Pension Insurance Company.

aa. "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Lead Plaintiffs directly related to their representation of the Settlement Class), for which Lead Counsel intend to apply to the Court for payment or reimbursement from the Settlement Fund.

bb. "Mediator" means Greg Lindstrom of Phillips ADR.

8

cc. "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court.

dd. "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed to Settlement Class Members.

ee. "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

ff. "Parties" means Defendants and Lead Plaintiffs, on behalf of themselves and the Settlement Class.

gg. "Person(s)" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity, and, as applicable, their respective spouses, heirs, predecessors, successors-in-interest, representatives, and assigns.

hh. "Plaintiffs' Releasees" means (i) Lead Plaintiffs, their attorneys, and all other Settlement Class Members; (ii) the current and former parents, affiliates, subsidiaries,

9

successors, predecessors, assigns, and assignees of each of the foregoing in (i); and (iii) the current and former officers, directors, Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, affiliates, insurers, reinsurers, predecessors, successors, assigns, and advisors of each of the persons or entities listed in (i) and (ii), in their capacities as such.

ii. "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund, which shall be substantially in the form set forth in the Notice or any other plan for allocating the Net Settlement Fund as shall be approved by the Court.

jj. "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that the notices of the Settlement be provided to the Settlement Class.

kk. "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended.

ll. "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

mm. "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants. Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

nn.  "Released Plaintiffs' Claims" means all claims, rights, remedies, demands, liabilities, and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, common or foreign law, that Lead Plaintiffs or any other member of the Settlement Class (a) asserted in the Complaint, or (b) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase or acquisition of Baxter common stock during the Class Period.  For the avoidance of doubt, Released Plaintiffs' Claims include any claims under the Securities Act of 1933 or the Securities Exchange Act of 1934, or the securities laws of any state or territory. The following claims are not included as Released Plaintiffs' Claims: (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

oo.  "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

pp.  "Releases" means the releases set forth in ¶¶ 10-11 of this Stipulation.

qq.  "Settlement" means the resolution of the Action in accordance with the terms and provisions set forth in this Stipulation.

rr.  "Settlement Amount" means $16,000,000.00 in cash.

ss.  "Settlement Class" means all persons or entities who purchased or otherwise acquired Baxter common stock during the Class Period, and were damaged thereby. Excluded from the Settlement Class are Defendants, any person who was an executive officer or director of Baxter during the Class Period, their Immediate Family members, any affiliates of

11

Baxter, and any persons or entities who or which exclude themselves by submitting a timely and valid request for exclusion that is accepted by the Court.

tt.     "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

uu.     "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

vv.     "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

ww.     "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

xx.     "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

yy.     "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have materially affected his, her, or its

12

decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Lead Plaintiffs, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs and Defendants shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Settlement Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have

acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## CLASS CERTIFICATION

2. Solely for purposes of the Settlement, Defendants stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) appointment of Lead Plaintiffs as Class Representatives for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3. Within five (5) business days of execution of this Stipulation, and by no later than April 1, 2021, Lead Plaintiffs will move for preliminary approval of the Settlement, authorization to provide notice of the Settlement to the Settlement Class, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants. Concurrently with the motion for preliminary approval, Lead Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## DUE DILIGENCE DISCOVERY

4. The Settlement is subject to the completion of Due Diligence Discovery, which Lead Plaintiffs began conducting following the execution of the Term Sheet and will continue to conduct, in accordance with a separate Confidential Agreement for Confirmatory Discovery, for a period of approximately forty-five (45) days following March 4, 2021, upon which date Defendants began producing documents.

**EXECUTION COPY**

5.      As part of the Due Diligence Discovery, Defendants have (a) produced documents and information to Lead Plaintiffs; and (b) agreed to make an individual knowledgeable concerning the subjects of Lead Plaintiffs' allegations available for an interview.

6.      The scope of Due Diligence Discovery has been mutually agreed upon by Lead Plaintiffs and Defendants and encompasses the allegations and claims asserted in the Complaint.

7.      Any disputes about the scope of Due Diligence Discovery shall be resolved by the Mediator in accordance with ¶ 67 herein.

8.      If, prior to filing their motion in support of final approval of the Settlement, Lead Plaintiffs believe that the documents and information produced during Due Diligence Discovery render the proposed Settlement unfair or unreasonable, they shall submit their concerns to the Mediator. Defendants shall have the opportunity to respond to those concerns and the Parties shall use their best efforts to resolve any disagreements. If, following these discussions, Lead Plaintiffs continue to believe the proposed Settlement is unfair or unreasonable, they shall have the right to withdraw from and terminate the Settlement. No material information provided during Due Diligence Discovery may be disclosed, filed with the Court, or attached as exhibits to any complaint or form the basis of any complaint. In the event that Lead Plaintiffs obtain copies of any documents produced during Due Diligence Discovery through a subsequent production of documents by Defendants not in connection with the Settlement, however, the restrictions of this paragraph will not apply to the documents so-obtained.

## RELEASE OF CLAIMS

9.      The obligations incurred pursuant to this Stipulation are (a) subject to approval by the Court, and the Judgment (or the Alternative Judgment, if applicable) reflecting such approval

15

becoming Final; and (b) in consideration of the full and final disposition of the Action with respect to the Releasees and any and all Released Claims provided for herein.

10.     Pursuant to the Judgment (or the Alternate Judgment, if applicable), without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members and Plaintiffs' Releasees shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall permanently and forever be barred and enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

11.     Pursuant to the Judgment (or the Alternate Judgment, if applicable), without further action by anyone, upon the Effective Date of the Settlement, Defendants and Defendants' Releasees shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiffs and the other Plaintiffs' Releasees, and shall permanently and forever be barred and enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

12.     Notwithstanding ¶¶ 10-11 above, nothing in the Judgment (or the Alternate Judgment, if applicable), shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment (or Alternate Judgment, if applicable).

16

**EXECUTION COPY**

## THE SETTLEMENT CONSIDERATION

13. In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, Defendants shall pay or cause to be paid the Settlement Amount into the Escrow Account within ten (10) business days of the later of: (1) the entry of the Preliminary Approval Order by the Court, or (2) Lead Counsel's provision to Defendants' Counsel of information necessary to effectuate a transfer of funds to the Escrow Account, including but not limited to, complete and accurate payment instructions and an executed Form W-9 for the Settlement Fund that reflects a valid tax identification number.

14. The Settlement Amount is an all-in settlement number, meaning that it includes all attorneys' fees to Lead Counsel, administrative costs, expenses, Settlement Class Member benefits, Lead Plaintiff awards, and other costs associated with the Settlement. Defendants shall bear their own costs and expenses in connection with the Settlement, including costs, expenses, and fees of their counsel; the costs of providing their transfer records for purposes of notice (*see* ¶ 26 below); and the costs of providing notice under the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b) (*see* ¶ 27 below).

15. Other than as described in ¶ 13, Defendants shall have no obligation to make any other payments into the Escrow Account or to any Settlement Class Member pursuant to this Stipulation.

## USE OF SETTLEMENT FUND

16. The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court. The balance

remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 28-37 below.

17.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. At the written direction of Lead Counsel, the Escrow Account shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a United States Treasury Fund or bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC"), or (b) secured by instruments backed by the full faith and credit of the United States Government. The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates.

18.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrators of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. The Defendants' Releasees shall not have any liability or responsibility for any such Taxes. Upon written request, Defendants will provide to Lead

18

Counsel the statement described in Treasury Regulation § 1.468B-3(e). Lead Counsel, as administrators of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

19.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Lead Counsel and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or their agents with respect to the payment of Taxes, as described herein.

20.     The Settlement is not a claims-made settlement. After the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity (including Defendants' insurance carriers) who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever (including without limitation, the number of Claims submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund), and shall not have liability should claims made exceed the amount available in the Settlement Fund for payment of such claims. The Defendants and any Defendants' Releasee shall not be liable for the loss of any portion of the

Settlement Fund, nor have any liability, obligation, or responsibility for the payment of Claims, Taxes, legal fees, or any other expenses payable from the Settlement Fund.

21.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Escrow Account, without further approval from Defendants or further order of the Court, up to $200,000 in Notice and Administration Costs actually incurred and paid or payable ("Notice and Administration Costs Cap"). Following the Effective Date, Lead Counsel may pay from the Escrow Account, without further approval from Defendants or further of the Court, all Notice and Administration Costs exceeding the Notice and Administration Costs Cap. Notice and Administration Costs shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for searching and providing the names/addresses of prospective Settlement Class Members for noticing or forwarding the Notice and Claim Form directly to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity (including Defendants' insurance carriers) who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

22.     Lead Counsel will apply to the Court for an award of attorneys' fees to be paid solely from (and out of) the Settlement Fund. Lead Counsel also will apply to the Court for reimbursement or payment of Litigation Expenses, which may include a request for

reimbursement of Lead Plaintiffs' costs and expenses directly related to their representation of the Settlement Class, to be paid solely from (and out of) the Settlement Fund. Lead Counsel's application for attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiffs other than what is set forth in this Stipulation.

23.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Lead Counsel shall make the appropriate refund or repayment in full no later than fifteen (15) business days after receiving from Defendants' Counsel or from a court of appropriate jurisdiction notice of any such reduction of the award of attorneys' fees and/or Litigation Expenses by a non-appealable order, or notice of the termination of the Settlement. The procedure for and the allowance or disallowance by the Court of any attorneys' fees or Litigation Expenses are not part of the Settlement set forth in this Stipulation, and are separate from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation. Any disapproval or modification of an application for an award of attorneys' fees and/or Litigation Expenses by the Court shall not affect the enforceability of this Stipulation, provide any of the Parties with the right to cancel or terminate the Settlement, or impose an obligation on Defendants to increase the compensation paid in

21

connection with the Settlement. Any appeal relating to an award of attorneys' fees or expenses will not affect the finality of the Settlement, the Judgment, or the Releases provided herein.

24.     Lead Counsel shall allocate the attorneys' fees between themselves. Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Lead Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

25.     As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. With the sole exception of Defendants' obligation to secure payment of the Settlement Amount into the Escrow Account as provided for in ¶ 13, none of the Defendants, nor any other Defendants' Releasees, shall have any responsibility for, interest in, authority, or liability whatsoever with respect to:  (i) the selection of the Claims Administrator; (ii) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (iii) the Plan of Allocation; (iv) the management, investment, or disbursement of the Settlement Fund; (v) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

22

26. In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Notice and Claim Form to those members of the Settlement Class as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Settlement Class, within five (5) business days of the date of entry of the Preliminary Approval Order, Defendants shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) a list (consisting of names, addresses, and e-mail addresses (if available)) of holders of Baxter common stock during the Class Period.

27. No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA"). Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

28. The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

23

**EXECUTION COPY**

29.     The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation. No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved Plan of Allocation.

30.     Any Settlement Class Member who does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or, the Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

31.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice. No Defendant, no any other Defendants' Releasee shall have any involvement in the administrative decisions of the Claims Administrator or Lead Counsel with respect to the Claims received in connection with the Settlement.

32.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a.     Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

b.     All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice. Any Settlement Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiffs' Claim. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

25

c. Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the Plan of Allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

d. Claims that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

e. If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court. Defendants shall not take a position on the administrative determinations of the Claims Administrator.

33. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, including but not limited to, all Releases provided for herein and in the Judgment, or Alternative Judgment, if applicable, and the Claim will be subject

26

to investigation and discovery under the Federal Rules of Civil Procedure; provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action (including any discovery from Defendants) or of the Settlement in connection with the processing of Claims.

34.     Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any unpaid administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

35.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants. All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

36.     No person or entity shall have any claim against Lead Plaintiffs, Lead Counsel, the Claims Administrator or any other agent designated by Lead Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or any order of

27

the Court. Lead Plaintiffs and Defendants, and their respective counsel, and Lead Plaintiffs' damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

37. All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members, other Claimants, and Parties to this Stipulation expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

38. If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

39. The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

a. the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

b. the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 13 above;

28

c.      Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

d.      Lead Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

e.      the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

40.      Upon the occurrence of all of the events referenced in ¶ 39 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

41.      If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

a.      The Settlement and the relevant portions of this Stipulation shall be canceled and terminated;

b.      Lead Plaintiffs and Defendants shall revert to their respective litigation positions in the Action on February 17, 2021;

c.      Neither Lead Plaintiffs nor Defendants will use or rely on any statement, document, admission, or agreement concerning the Settlement and/or settlement discussions in

29

the Action, including any statement, document, or information provided to Lead Plaintiffs or Lead Counsel in connection with Due Diligence Discovery;

        d.      The terms and provisions of this Stipulation, with the exception of this ¶ 41 and ¶¶ 21, 23, 45, and 65, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment (or Alternate Judgment, if applicable), or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*; and

        e.      Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon, and change in value as a result of the investment of the Settlement Fund, and any funds received by Lead Counsel consistent with ¶ 23 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct). In the event that the funds received by Lead Counsel consistent with ¶ 23 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 23 above.

42.     It is further stipulated and agreed that Defendants, provided they unanimously agree, and Lead Plaintiffs, provided they unanimously agree, shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the

30

**EXECUTION COPY**

Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement, or an Alternate Judgment; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Seventh Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Seventh Circuit or the United States Supreme Court, and the provisions of ¶ 41 above shall apply. However, for the avoidance of doubt, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or Litigation Expenses or with respect to any Plan of Allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

43. In addition to the grounds set forth in ¶ 42 above, Baxter shall also have the unilateral right to terminate the Settlement in the event that the Opt-Out Threshold (defined below) has been reached.

a. Simultaneously herewith, Defendants' Counsel and Lead Counsel are executing a confidential supplemental agreement ("Supplemental Agreement"). The Supplemental Agreement sets forth certain conditions under which Baxter shall have the option to terminate the Settlement and render the Stipulation null and void in the event that requests for exclusion from the Settlement Class exceed certain agreed-upon criteria (the "Opt-Out Threshold"). The Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court, and its terms shall not be disclosed in any other manner (other than the statements herein, in the Notice, and in Lead Plaintiffs' briefing in support of the Settlement, to the extent necessary, or as otherwise provided in the Supplemental Agreement)

31

unless the Court otherwise directs or a dispute arises between Lead Plaintiffs and Defendants concerning its interpretation or application. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will use their best reasonable efforts to have the Supplemental Agreement submitted to the Court *in camera* or under seal, and will request that the Court afford it confidential treatment.

b. In the event of a termination of the Settlement pursuant to the Supplemental Agreement, the Stipulation shall become null and void and of no further force and effect, with the exception of provisions ¶¶ 21, 23, 41, 45, and 65, which shall continue to apply.

44. In addition to the grounds provided in ¶ 42 above, if, prior to filing their motion in support of final approval of the Settlement, Lead Plaintiffs believe that information produced during Due Diligence Discovery renders the proposed Settlement unfair or unreasonable, they shall submit their concerns to the Mediator. Defendants shall have the opportunity to respond to those concerns and the Parties shall use their best efforts to resolve any disagreements. If, following these discussions, Lead Plaintiffs continue to believe that the Settlement is unfair or unreasonable, they shall have the right to withdraw from and terminate the Settlement. In the event of a termination of the Settlement pursuant to this ¶ 44, the Stipulation shall become null and void and of no further force and effect, with the exception of provisions ¶¶ 21, 23, 41, 45, and 65, which shall continue to apply.

<u>**NO ADMISSION OF WRONGDOING**</u>

45. The Term Sheet, this Stipulation (whether or not consummated and whether or not approved by the Court), including the exhibits hereto and the Plan of Allocation contained therein (or any other Plan of Allocation that may be approved by the Court), and any discussion, communication, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement,

**EXECUTION COPY**

or any matter arising in connection with settlement discussions, negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than to enforce the terms of the Stipulation, and in particular:

a. do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants or Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs, or the validity or infirmity of any claim that was or could have been asserted in this Action or in any other litigation, including but not limited to Released Plaintiffs' Claims, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or Defendants' Releasees or any other person or entity whatsoever; do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Lead Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the Lead Plaintiffs' claims, or the other members of the Settlement Class;

b. do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Lead Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Lead Plaintiffs, other members of the Settlement Class, or their respective counsel, in any arbitration proceeding or other civil,

criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

       c.    do not constitute, and shall not be offered or received against or to the prejudice of any of the Lead Plaintiffs or Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; and

       d.    do not constitute, and shall not be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

46.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

47.     Each Defendant warrants, as to the payments made or to be made on behalf of himself or itself only, that at the time of entering into this Stipulation and at the time of such payment they, or to the best of their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof. This representation is made by each of the Defendants and not by their counsel.

48.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiffs, Lead Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the Releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 41(b) above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 41(e) above.

49.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiffs and any other Settlement Class Members against the Defendants' Releasees with respect to the Released

35

Plaintiffs' Claims. Lead Plaintiffs and Defendant agree that each has complied fully with the strictures of Rule 11 of the Federal Rules of Civil Procedure, and the proposed Judgment will contain a statement to reflect this compliance. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by Greg Lindstrom of Phillips ADR, and reflect that the Settlement was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

50.     The Parties agree that except as expressly provided herein, or as may otherwise be required by law, in response to any media inquiry regarding the fact of settlement or the terms of the Settlement, or regarding the amount of any payments made or claims released pursuant to the Settlement, the Parties shall state only that the matter was resolved through settlement and shall provide no further comment, explanation, or description of the Settlement, other than a statement that the Settlement is in the best interests of the Parties. In addition, pending final settlement approval, each of the Parties shall not directly or indirectly, individually or in concert with others, engage in any conduct or make, or cause to be made, any statement, observation, or opinion, or communicate any information (whether oral or written) that is calculated to or is likely to have the effect of in any way (i) undermining, defaming, or otherwise in any way reflecting adversely or detrimentally upon Lead Plaintiffs, Defendants, or any of Baxter's current and former directors, officers, representatives, or affiliates; or (ii) accusing or implying that Lead Plaintiffs, Defendants, or any of Baxter's current and former directors, officers, representatives, or affiliates engaged in any wrongful, unlawful, or improper conduct.

**EXECUTION COPY**

51. The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiffs and Defendants (or their successors-in-interest).

52. The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

53. The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Lead Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other Plan of Allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

54. The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

55. This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Lead Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

56. This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

57. This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

58. The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate the Settlement shall be governed by the internal laws of Illinois without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

59. Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

60. This Stipulation shall be interpreted in a neutral manner and shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

61. All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

62. Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

38

**EXECUTION COPY**

63.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt. Notice shall be provided as follows:

If to Lead Plaintiffs or Lead Counsel:   Bernstein Litowitz Berger & Grossmann LLP
Attn:  James A. Harrod
1251 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 554-1400
Facsimile:  (212) 554-1444
Email: Jim.Harrod@blbglaw.com

-and-

Kessler Topaz Meltzer & Check, LLP
Attn:  Sharan Nirmul
280 King of Prussia Road
Radnor, PA 19087
Telephone:  (610) 667-7706
Facsimile:  (610) 667-7056
Email: snirmul@ktmc.com

If to Defendants:   Latham & Watkins LLP
Attn: Sean M. Berkowitz
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email: sean.berkowitz@lw.com

64.     Except as otherwise provided herein, each Party shall bear its own costs.

65.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential.

66.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

39

**EXECUTION COPY**

67.     If any disputes arise out of the finalization of the Settlement documentation or the Settlement itself, those disputes will be resolved by Greg Lindstrom of Phillips ADR first by way of telephonic or video mediation and, if unsuccessful, then by way of final, binding, non-appealable resolution.

68.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of April 1, 2021.

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP


By: _____
    James A. Harrod
James A. Harrod (admitted pro hac vice)
Adam D. Hollander (admitted pro hac vice)
Alexander T. Payne (admitted pro hac vice)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
Jim.Harrod@blbglaw.com
Adam.Hollander@blbglaw.com
Alex.Payne@blbglaw.com

-and-

Avi Josefson
875 North Michigan Avenue, Suite 3100
Chicago, IL 60611

Telephone: (312) 373-3800
Facsimile: (312) 794-7801
avi@blbglaw.com

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**

By: _Sharan Nirmul_
    Sharan Nirmul
Sharan Nirmul (#90751)
Joshua A. Materese (#314844)
Evan R. Hoey (admitted pro hac vice)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
snirmul@ktmc.com
jmaterese@ktmc.com
ehoey@ktmc.com

*Lead Counsel for Lead Plaintiffs and the Class*


**LATHAM & WATKINS LLP**

By: _Sean Berkowitz_
    Sean M. Berkowitz
Sean M. Berkowitz (ARDC No. 6209701)
Nicholas J. Siciliano (ARDC No. 6287387)
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
sean.berkowitz@lw.com
nicholas.siciliano@lw.com

-and-

Whitney B. Weber (ARDC No. 6311007)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 931-0600
whitney.weber@lw.com

*Counsel for Defendants Baxter International*
*Inc., Jose E. Almeida and James K. Saccaro*

41

**Exhibit A**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE BAXTER INTERNATIONAL INC. SECURITIES LITIGATION | Case No. 1:19-cv-07786<br><br>District Judge Sara L. Ellis<br><br>Magistrate Judge Jeffrey I. Cummings |

### [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, an action is pending in this Court entitled *In re Baxter International Inc. Securities Litigation*, Case No. 1:19-cv-07786 (the "Action");

WHEREAS, (a) Louisiana Municipal Police Employees' Retirement System and Varma Mutual Pension Insurance Company (together, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) Baxter International Inc. ("Baxter" or the "Company"), José E. Almeida, and James K. Saccaro (collectively, "Defendants") have determined to settle all claims asserted against Defendants in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated April 1, 2021 (the "Stipulation"), subject to the approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Settlement

Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined in this Order, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      **Proposed Class Certification for Settlement Purposes** – The Parties have proposed the certification of the following Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and solely for purposes of effectuating the proposed Settlement: all persons or entities who purchased or otherwise acquired Baxter common stock during the period from February 21, 2019 through October 23, 2019, inclusive ("Class Period"), and were damaged thereby. Excluded from the Settlement Class are Defendants, any person who was an executive officer or director of Baxter during the Class Period, their Immediate Family members, any affiliates of Baxter, and any persons or entities who or that exclude themselves by submitting a timely and valid request for exclusion that is accepted by the Court.

2.      **Class Findings** – The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class for purposes of the proposed Settlement. Specifically, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and

2

(e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.     The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify Lead Plaintiffs as Class Representatives for the Settlement Class and appoint Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.     **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.     **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2021 at __:__ _.m. at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the Settlement Class should be certified for purposes of the Settlement; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for attorneys' fees and Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

3

Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.    The Court may adjourn the Settlement Hearing or decide to hold the Settlement Hearing telephonically without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7.    **<u>Retention of Claims Administrator and Manner of Giving Notice</u>** – Lead Counsel are hereby authorized to retain Epiq Class Action & Claims Solutions, Inc. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)    Defendants shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) a list (consisting of names, addresses, and e-mail addresses (if available)) of holders of Baxter common stock during the Class Period in electronic format within five (5) business days of the date of entry of this Order.

(b)    not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail or emailed to potential Settlement Class Members at the addresses set forth in the records provided or caused to be provided by Defendants, or who otherwise may be identified through further reasonable effort;

4

(c)       contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)       not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *The Wall Street Journal* and to be transmitted once over the *PR Newswire*; and

(e)       not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.       **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement;

5

and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9. **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Baxter common stock during the Class Period for the benefit of another person or entity shall: (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Notice Packet to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10. **CAFA Notice** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than

6

seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

11. **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, their, or its Claim and the subject matter of the Settlement.

12. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by the Claims Administrator with supervision by Lead Counsel as necessary; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, their, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions

or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13.     Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, their, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 11 above.

14.     **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, themselves, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *Baxter International Inc. Securities Litigation*, EXCLUSIONS, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 5594, Portland, OR 97228-5594, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Baxter*

*International Inc. Securities Litigation*, Case No. 1:19-cv-07786 (N.D. Ill.)"; (iii) state the number of shares of Baxter common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on February 21, 2019 and (B) purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court. Copies of all requests for exclusion from the Settlement Class received by the Claims Administrator shall be provided to Defendants' Counsel on a rolling basis within five (5) business days of receipt and no later than fourteen (14) calendar days prior to the Settlement Hearing.

15. Any person or entity who or that timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

16. Any Settlement Class Member who or that does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, their, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or

9

prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

17. **<u>Appearance and Objections at Settlement Hearing</u>** – Any Settlement Class Member who or that does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, their, or its own expense, individually or through counsel of his, her, their, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 18 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

18. Any Settlement Class Member who or that does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses and appear and show cause, if he, she, they, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Bernstein Litowitz Berger & Grossmann LLP James A. Harrod, Esq. 1251 Avenue of the Americas New York, NY 10020 | Latham & Watkins LLP Sean M. Berkowitz, Esq. 330 North Wabash Avenue Suite 2800 Chicago, IL 60611 |

Kessler Topaz Meltzer & Check, LLP
Sharan Nirmul, Esq.
280 King of Prussia Road
Radnor, PA 19087

19.     Any objections, filings, and other submissions by the objecting Settlement Class Member:  (a) must identify the case name and docket number, *In re Baxter International Inc. Sec. Litig.*, Case No. 1:19-cv-07786 (N.D. Ill.); (b) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (c) must state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (d) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Baxter common stock that the objecting Settlement Class Member (A) owned as of the opening of trading on February 21, 2019 and (B) purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale.  The objecting Settlement Class Member shall provide documentation establishing membership in the Settlement Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written

11

objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

20.     Any Settlement Class Member who or that does not make his, her, their, or its objection in the manner provided herein may be deemed to have waived his, her, their, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

21.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs and all other members of the Settlement Class from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

22.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

23.     **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until

such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24.     **Taxes** – Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action on February 17, 2021, as provided in the Stipulation.

26.     **Use of this Order** – This Order, the Term Sheet, the Stipulation (whether or not consummated and whether or not approved by the Court), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), and any discussion, communication, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, or any matter arising in connection with settlement discussions, negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than to enforce the terms of the Stipulation, and in particular:  (a) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or Defendants' Releasees as evidence of, or

13

construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants or Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs, or the validity or infirmity of any claim that was or could have been asserted in this Action or in any other litigation, including but not limited to Released Plaintiffs' Claims, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or Defendants' Releasees or any other person or entity whatsoever; do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Lead Plaintiffs, or any other members of the Settlement Class as evidence of any infirmity in the Lead Plaintiffs' claims, or the other members of the Settlement Class; (b) do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Lead Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Lead Plaintiffs, other members of the Settlement Class, or their respective counsel, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (c) do not constitute, and shall not be offered or received against or to the prejudice of any of the Lead Plaintiffs or Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect

14

to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; and (d) do not constitute, and shall not be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

27. **Supporting Papers** – Lead Counsel shall file and serve their opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

SO ORDERED this _____ day of _____, 2021.

_____
The Honorable Sara L. Ellis
United States District Judge

15

**Exhibit A-1**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| IN RE BAXTER INTERNATIONAL INC. SECURITIES LITIGATION | Case No. 1:19-cv-07786 <br><br> District Judge Sara L. Ellis <br><br> Magistrate Judge Jeffrey I. Cummings |

### NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

#### *A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action ("Action") pending in the United States District Court for the Northern District of Illinois ("Court") if, during the period from February 21, 2019 through October 23, 2019, inclusive ("Class Period"), you purchased or otherwise acquired Baxter International Inc. ("Baxter") common stock, and were damaged thereby.[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiffs Louisiana Municipal Police Employees' Retirement System and Varma Mutual Pension Insurance Company (together "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 22 below), have reached a proposed settlement of the Action with defendants Baxter, José E. Almeida, and James K. Saccaro (collectively, "Defendants") for $16,000,000 in cash that, if approved, will resolve all claims in the Action ("Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have questions about this Notice, the Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Clerk's Office, Defendants, or Defendants' Counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 66 below).**

---

[1]    All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated April 1, 2021 ("Stipulation"), which is available at www.BaxterSecuritiesLitigation.com.

**Additional information about the Settlement is available on the website,
www.BaxterSecuritiesLitigation.com.**

1.        **Description of the Action and the Settlement Class:**  This Notice relates to the proposed Settlement of claims in a pending putative securities class action brought by Baxter investors alleging, among other things, that Defendants violated the federal securities laws by making false and misleading statements and omissions concerning Baxter's financials. A more detailed description of the Action is set forth in ¶¶ 11-21 below. The Settlement, if approved by the Court, will settle the claims of the Settlement Class, as defined in ¶ 22 below.

2.        **Statement of the Settlement Class's Recovery:**  Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $16,000,000 in cash ("Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (i.e., the Settlement Amount plus any and all interest earned thereon ("Settlement Fund") less:  (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation ("Plan of Allocation") is attached hereto as Appendix A.

3.        **Estimate of Average Amount of Recovery Per Share:**  Based on Lead Plaintiffs' damages consultant's estimate of the number of shares of Baxter common stock purchased or otherwise acquired during the Class Period that may have been affected by the alleged conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) per eligible share of Baxter common stock is approximately $0.33. **Settlement Class Members should note, however, that the foregoing average recovery per eligible share is only an estimate.** Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors: (i) when and the price at which they purchased/acquired shares of Baxter common stock; (ii) whether they sold their shares of Baxter common stock and, if so, when; (iii) the total number and value of valid Claims submitted to participate in the Settlement; (iv) the amount of Notice and Administration Costs; and (v) the amount of attorneys' fees and Litigation Expenses awarded by the Court. Distributions to Settlement Class Members will be made based on the Plan of Allocation attached hereto as Appendix A or such other plan of allocation as may be ordered by the Court.

4.        **Average Amount of Damages Per Share**: The Parties do not agree on the amount of damages per share of Baxter common stock that would be recoverable if Lead Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree that they violated the federal securities laws or that, even if liability could be established, that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5.        **Attorneys' Fees and Expenses Sought:**  Lead Counsel have not received any payment of attorneys' fees for their representation of the Settlement Class in the Action and have advanced the funds to pay expenses incurred to prosecute this Action with the expectation that if

2

they were successful in recovering money for the Settlement Class, they would receive fees and be paid for their expenses from the Settlement Fund, as is customary in this type of litigation. Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP and Kessler Topaz Meltzer & Check, LLP, will apply to the Court for an award of attorneys' fees in an amount not to exceed 22% of the Settlement Fund. In addition, Lead Counsel will apply for reimbursement or payment of Litigation Expenses incurred by Lead Counsel in connection with the institution, prosecution, and resolution of the claims against Defendants, in an amount not to exceed $200,000, plus interest, which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class in accordance with 15 U.S.C. §78u-4(a)(4). Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. The estimated average cost per eligible share of Baxter common stock, if the Court approves Lead Counsel's fee and expense application, is approximately $0.08 per share. **Please note that this amount is only an estimate**.

6. **Identification of Attorneys' Representatives:** Lead Plaintiffs and the Settlement Class are represented by James A. Harrod, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, New York, NY 10020, 1-800-380-8496, settlements@blbglaw.com, www.blbglaw.com and Sharan Nirmul, Esq. of Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, PA 19087, 1-610-667-7706, info@ktmc.com, www.ktmc.com. Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting Lead Counsel or the Claims Administrator at*: Baxter International Inc. Securities Litigation*, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 5594, Portland, OR 97228-5594, 1-855-654-0873, info@BaxterSecuritiesLitigation.com, www.BaxterSecuritiesLitigation.com. **Please do not contact the Court regarding this notice.**

7. **Reasons for the Settlement:** Lead Plaintiffs' principal reason for entering into the Settlement is the immediate cash benefit for the Settlement Class without the risk or the delays and costs inherent in further litigation.  Moreover, the cash benefit provided under the Settlement must be considered against the risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after a second motion to dismiss, full discovery, contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions of the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED (IF MAILED), OR ONLINE, NO LATER THAN _____, 2021.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 31 below) that you have against Defendants and the other Defendants' |

3

| | |
|---|---|
| | Releasees (defined in ¶ 32 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2021.** | Get no payment. If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that may allow you to ever be part of any other lawsuit against Defendants concerning the claims that were, or could have been, asserted in this Action. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2021.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, and/or the requested attorneys' fees and Litigation Expenses, you may object by writing to the Court and explaining why you do not like them. You cannot object unless you are a member of the Settlement Class and do not exclude yourself from the Settlement Class. |
| **ATTEND A HEARING ON _____, 2021 AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2021.** | If you have filed a written objection and wish to appear at the hearing, you must also file a notice of intention to appear by _____, 2021, which allows you to speak in Court, at the discretion of the Court, about the fairness of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options – and the deadlines to exercise them – are further explained in this Notice. <u>Please Note</u>: The date and time of the Settlement Hearing – currently scheduled for _____, 2021 at __:__ __.m. – is subject to change without further notice to the Settlement Class. It is also within the Court's discretion to hold the hearing in person or telephonically. If you plan to attend the hearing, you should check the Settlement website, <u>www.BaxterSecuritiesLitigation.com,</u> or with Lead Counsel as set forth above to confirm that no change to the date and/or time of the hearing has been made.**

| **WHAT THIS NOTICE CONTAINS** |
|---|

Why Did I Get This Notice? ......................................................................... Page __

What Is This Case About? ............................................................................. Page __

4

How Do I Know If I Am Affected By The Settlement?
   Who Is Included In The Settlement Class?            Page __
What Are Lead Plaintiffs' Reasons For The Settlement?      Page __
What Might Happen If There Were No Settlement?        Page __
How Are Settlement Class Members Affected By The Action
   And The Settlement?                 Page __
How Do I Participate In The Settlement? What Do I Need To Do?   Page __
How Much Will My Payment Be?                Page __
What Payment Are The Attorneys For The Settlement Class Seeking?
  How Will The Lawyers Be Paid?            Page __
What If I Do Not Want To Be A Member Of The Settlement Class?
   How Do I Exclude Myself?              Page __
When And Where Will The Court Decide Whether To Approve The
   Settlement? Do I Have To Come To The Hearing? May I Speak
   At The Hearing If I Don't Like The Settlement?      Page __
What If I Bought Shares Of Baxter Common Stock On
   Someone Else's Behalf?              Page __
Can I See The Court File? Whom Should I Contact If I Have
   Questions?                   Page __
Proposed Plan of Allocation of Net Settlement Fund Among
   Authorized Claimants            Appendix A

## WHY DID I GET THIS NOTICE?

8. The Court authorized that this Notice be sent to you because you or someone in your family or an investment account for which you serve as custodian may have purchased or otherwise acquired shares of Baxter common stock during the Class Period. The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9. The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you (if you are a Settlement Class Member) might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses ("Settlement Hearing"). *See* ¶¶ 56-57 below for details about the Settlement Hearing, including the date and location of the hearing.

10. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then

payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time.

| **WHAT IS THIS CASE ABOUT?** |
|---|

11.     This is a securities class action against Baxter and certain of its executive officers. Lead Plaintiffs allege that, during the Class Period, Defendants made materially false and misleading statements and omissions concerning: (i) Baxter's income related to foreign exchange fluctuations, as well as other financial metrics reflecting that income item; (ii) Baxter's compliance with generally accepted accounting principles; and (iii) Baxter's internal controls over financial reporting. Lead Plaintiffs further allege that the price of Baxter common stock was artificially inflated during the Class Period as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed on October 24, 2019.

12.     The Action was commenced on November 25, 2019, with the filing of a putative securities class action complaint in this Court.

13.     Pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended ("PSLRA"), notice to the public was issued setting forth the deadline by which putative class members could move the Court to be appointed to act as lead plaintiff. By Order dated January 31, 2020, this Court appointed Louisiana Municipal Police Employees' Retirement System and Varma Mutual Pension Insurance Company as Lead Plaintiffs and approved Lead Plaintiffs' selection of Bernstein Litowitz Berger & Grossmann LLP and Kessler Topaz Meltzer & Check, LLP as Lead Counsel for the class.

14.     Thereafter, on June 25, 2020, Lead Plaintiffs filed a Class Action Complaint and Demand for Jury Trial ("Complaint"). The Complaint asserted claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder against Defendants.

15.     On August 24, 2020, Defendants moved to dismiss the Complaint. On October 8, 2020, Lead Plaintiffs opposed Defendants' motion to dismiss, and on November 9, 2020, Defendants filed their reply in support of their motion.

16.     On January 12, 2021, the Court issued an Opinion and Order granting Defendants' motion to dismiss the Complaint ("MTD Order"). By the MTD Order, the Court provided Lead Plaintiffs twenty-one (21) days to amend the Complaint. The Court subsequently extended this deadline to February 26, 2021.

17.     Beginning in December 2020, the Parties discussed the possibility of resolving the Action through settlement and agreed to mediate before Greg Lindstrom of Phillips ADR. A mediation session with Mr. Lindstrom was scheduled for February 17, 2021. In advance of the mediation, the Parties exchanged detailed mediation statements addressing liability and damages issues.

6

18.     The Parties reached an agreement in principle to settle the Action at the February 17, 2021 mediation and memorialized their agreement in a term sheet executed on February 25, 2021. Lead Plaintiffs and Defendants ultimately agreed, subject to the Due Diligence Discovery described below and the other terms and conditions to be set forth in the Stipulation, to settle and release all claims asserted against Defendants in the Action for $16 million.

19.     On February 25, 2021, the Parties filed the Joint Motion Requesting a Stay of Deadlines Pending Motion for Preliminary Approval of Settlement, which the Court granted on March 1, 2021.

20.     After additional weeks of negotiations regarding the specific terms of their agreement, the Parties entered into the Stipulation on April 1, 2021. The Stipulation can be viewed at www.BaxterSecuritiesLitigation.com. The Stipulation sets forth the final terms and conditions of the Settlement, including the condition that the Settlement is not final until the completion of Due Diligence Discovery to the satisfaction of Lead Plaintiffs and Lead Counsel. In connection with the Due Diligence Discovery, Defendants are producing documents and information regarding the allegations and claims asserted in the Complaint, and have agreed to make an individual knowledgeable concerning the subjects of Lead Plaintiffs' allegations available for an interview. Pursuant to the Stipulation, if at any time prior to filing their motion in support of final approval of the Settlement, Lead Plaintiffs believe that the documents and information produced during Due Diligence Discovery render the proposed Settlement inadequate, they shall submit their concerns to the mediator, Mr. Lindstrom. Pursuant to the Stipulation, Defendants shall have the opportunity to respond to those concerns and the Parties shall use their best efforts to resolve any disagreements. If, following these discussions, Lead Plaintiffs continue to believe the proposed Settlement is inadequate, they shall have the right to withdraw from and terminate the Settlement.

21.     On _____, 2021, the Court preliminarily approved the Settlement, authorized notice of the Settlement to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

### HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

22.     If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded from the Settlement Class. The Settlement Class certified by the Court for purposes of effectuating the Settlement consists of:

> **All persons and entities who purchased or otherwise acquired Baxter common stock during the period from February 21, 2019 through October 23, 2019, inclusive, and were damaged thereby.**

Excluded from the Settlement Class are Defendants, any person who was an executive officer or director of Baxter during the Class Period, their Immediate Family members, any affiliates of Baxter, and any persons or entities who or which exclude themselves by submitting a timely and valid request for exclusion that is accepted by the Court. *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself," on page __ below.

7

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

**IF YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION POSTMARKED (IF MAILED), OR ONLINE, NO LATER THAN _____, 2021.**

| WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
| --- |

23.     Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of the continued proceedings that would be necessary to pursue their claims against Defendants through a second motion to dismiss, full discovery, certification of the class, summary judgment, trial and appeals, as well as the substantial risks they would face in establishing liability and damages. As noted above, Lead Plaintiffs' Complaint was dismissed in its entirety. Even if Lead Plaintiffs amended their Complaint to address the deficiencies identified in the Court's MTD Order and were able to successfully defeat a second motion to dismiss, Lead Plaintiffs would still face challenges to proving, at summary judgment and trial, that Defendants made material misrepresentations and omissions to the market during the Class Period and that Defendants Almeida and Saccaro knew or recklessly disregarded material facts undermining their alleged misrepresentations at the time they made such statements. There were also risks related to proving that Defendants' alleged misrepresentations and omissions caused the alleged losses suffered by Lead Plaintiffs and the Settlement Class, and in establishing damages. Thus, there were very significant risks attendant to the continued prosecution of the Action, including the risk of zero recovery. The Settlement eliminates these risks.

24.     In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, and subject to the satisfactory completion of Due Diligence Discovery, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Lead Plaintiffs and Lead Counsel believe that the Settlement provides a favorable result for the Settlement Class, namely $16,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after a second motion to dismiss, full discovery, summary judgment, trial, and appeals, possibly years in the future.

25.     Defendants have denied and continue to deny the claims and allegations asserted against them in the Action, including that: they made false and misleading statements, they knew or recklessly disregarded material facts undermining their statements at the time they made them; and Lead Plaintiffs or Settlement Class Members suffered any damages or harm by the conduct alleged in the Action. Defendants have nonetheless agreed to the Settlement solely to eliminate the uncertainty, burden, and expense of continued litigation. The Settlement may not be construed as an admission of any wrongdoing by Defendants in this or any other action or proceeding.

8

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

26.     If there were no Settlement, Lead Plaintiffs would have amended the Complaint and faced a second motion to dismiss. If Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in establishing any of their defenses on a second motion to dismiss, at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED
## BY THE ACTION AND THE SETTLEMENT?

27.     As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice and at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page __ below.

28.     If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you must exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," on page __ below.

29.     If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page __ below.

30.     If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment ("Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members and Plaintiffs' Releasees shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 31 below) against Defendants and the other Defendants' Releasees (as defined in ¶ 32 below), and shall permanently and forever be barred and enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

31.     "Released Plaintiffs' Claims" means  all  claims, rights, remedies, demands, liabilities, and causes of action of every nature and description, whether known or Unknown

9

Claims, whether arising under federal, state, common or foreign law, that Lead Plaintiffs or any other member of the Settlement Class (a) asserted in the Complaint, or (b) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase or acquisition of Baxter common stock during the Class Period. For the avoidance of doubt, Released Plaintiffs' Claims include any claims under the Securities Act of 1933 or the Securities Exchange Act of 1934, or the securities laws of any state or territory. The following claims are not included as Released Plaintiffs' Claims: (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

32. "Defendants' Releasees" means Defendants and all of their respective past, present and future parent companies, subsidiaries, affiliates, divisions, joint ventures, subcontractors, agents, assigns, auditors, accountants, attorneys, financial or investment advisors or consultants, banks or investment bankers, insurers, subrogates, co-insurers and reinsurers, and all of their respective past, present and future officers, directors, fiduciaries, employees, members, partners, principals, shareholders, and owners, in their capacities as such; any entity in which a Defendant has a controlling interest; and any member of an Individual Defendant's Immediate Family, or any trust of which any Individual Defendant is a settlor or which is for the benefit of any Defendant and/or member(s) of his or her Immediate Family, and each of the heirs, executors, administrators, predecessors, successors, and assigns of the foregoing, in their capacities as such.

33. "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have materially affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Lead Plaintiffs, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs and Defendants shall expressly, fully, finally, and forever waive, compromise, settle, discharge,

10

extinguish, and release, and each Settlement Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

34.     Pursuant to the Judgment (or the Alternate Judgment, if applicable), without further action by anyone, upon the Effective Date of the Settlement, Defendants and Defendants' Releasees shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 35 below) against Lead Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 36 below), and shall permanently and forever be barred and enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

35.     "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants. Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

36.     "Plaintiffs' Releasees" means (i) Lead Plaintiffs, their attorneys, and all other Settlement Class Members; (ii) the current and former parents, affiliates, subsidiaries, successors, predecessors, assigns, and assignees of each of the foregoing in (i); and (iii) the current and former officers, directors, Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, affiliates, insurers, reinsurers, predecessors, successors, assigns, and advisors of each of the persons or entities listed in (i) and (ii), in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?
## WHAT DO I NEED TO DO?

37.     To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation *postmarked (if mailed), or submitted online at www.BaxterSecuritiesLitigation.com, no later than _____, 2021*. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims

11

Administrator, www.BaxterSecuritiesLitigation.com, or on Lead Counsel's websites, www.blbglaw.com and www.ktmc.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-855-654-0873, or by emailing the Claims Administrator at info@BaxterSecuritiesLitigation.com. **Please retain all records of your ownership of and transactions in Baxter common stock, as they may be needed to document your Claim.** If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

| HOW MUCH WILL MY PAYMENT BE? |
| --- |

38.     At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

39.     Pursuant to the Settlement, Defendants shall pay or cause to be paid $16,000,000 in cash.  The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the Net Settlement Fund will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

40.     The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a Plan of Allocation and that decision is affirmed on appeal (if any) and/or the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

41.     Neither Defendants, Defendants' Releasees, nor any other person or entity (including Defendants' insurance carriers) who or which paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or Judgment approving the Settlement becomes Final.  Defendants and the other Defendants' Releasees shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the Plan of Allocation.

42.     Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked (if mailed), or online, on or before _____, 2021 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the Releases given. This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 31 above) against the Defendants' Releasees (as defined in ¶ 32 above) and will be enjoined and prohibited from prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

43.     Participants in and beneficiaries of any employee retirement and/or benefit plan ("Employee Plan") should NOT include any information relating to shares of Baxter common stock purchased/acquired through an Employee Plan in any Claim Form they submit in this Action. They should include ONLY those eligible shares of Baxter common stock purchased/acquired

during the Class Period outside of an Employee Plan. Claims based on any Employee Plan(s)' purchases/acquisitions of eligible Baxter common stock during the Class Period may be made by the Employee Plan(s)' trustees.

44. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

45. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

46. Only Settlement Class Members will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities who are excluded from the Settlement Class by definition or who exclude themselves from the Settlement Class pursuant to an exclusion request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

47. **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiffs. At the Settlement Hearing, Lead Counsel will request the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Settlement Class.**

| WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?  HOW WILL THE LAWYERS BE PAID? |
| --- |

48. Lead Counsel will apply to the Court for an award of attorneys' fees and reimbursement or payment of Litigation Expenses. Lead Counsel's motion for attorneys' fees will not exceed 22% of the Settlement Fund and their motion for Litigation Expenses will not exceed $200,000 in expenses incurred in connection with the prosecution and resolution of this Action. Lead Counsel's motion for attorneys' fees and Litigation Expenses, which may include a request for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class in accordance with 15 U.S.C. § 78u-4(a)(4), will be filed by _____, 2021, and the Court will consider Lead Counsel's motion at the Settlement Hearing. A copy of Lead Counsel's motion for attorneys' fees and Litigation Expenses will be available for review at www.BaxterSecuritiesLitigation.com once it is filed. Any award of attorneys' fees and reimbursement or payment of Litigation Expenses, including any reimbursement of costs and expenses to Lead Plaintiffs, will be paid from the Settlement Fund prior to allocation and payment to Authorized Claimants. ***Settlement Class Members are not personally liable for any such attorneys' fees or expenses***.

| WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF? |
| --- |

49. Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a

written request for exclusion addressed to: *Baxter International Inc. Securities Litigation*, EXCLUSIONS, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 5594, Portland, OR 97228-5594. The request for exclusion must be ***received* no later than** _____ **, 2021**. You will not be able to exclude yourself from the Settlement Class after that date.

50.     Each request for exclusion must:  (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Baxter International Inc. Securities Litigation*, Case No. 1:19-cv-07786 (N.D. Ill.)"; (iii) state the number of shares of Baxter common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on February 21, 2019 and (B) purchased/acquired and/or sold during the Class Period (from February 21, 2019 through October 23, 2019, inclusive), as well as the dates, number of shares, and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.

51.     A request for exclusion shall not be valid and effective unless it provides all the information called for in ¶ 50 and is received within the time stated above, or is otherwise accepted by the Court.

52.     If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees. Excluding yourself from the Settlement Class is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other Defendants' Releasees concerning the Released Plaintiffs' Claims. **Please note**: If you decide to exclude yourself from the Settlement Class, Defendants and the other Defendants' Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert.

53.     If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

54.     Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and Defendants.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?  MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

55.     **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

14

56.     <u>Please Note</u>: The date and time of the Settlement Hearing may change without further written notice to the Settlement Class. In addition, the COVID-19 pandemic is a fluid situation that creates the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by phone, without further written notice to the Settlement Class. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, <u>www.BaxterSecuritiesLitigation.com</u>, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the Settlement website, <u>www.BaxterSecuritiesLitigation.com</u>. Also, if the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone, the phone number for accessing the telephonic conference will be posted to the Settlement website, <u>www.BaxterSecuritiesLitigation.com</u>.**

57.     The Settlement Hearing will be held on _____, 2021 at __:__ _.m., before the Honorable Sara L. Ellis either in person at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL  60604, Courtroom 1403, or by telephone or videoconference (in the discretion of the Court). The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

58.     Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Northern District of Illinois at the address set forth below as well as serve copies on Lead Counsel and Defendants' Counsel at the addresses set forth below ***on or before _____, 2021***.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court Northern District of Illinois Everett McKinley Dirksen United States Courthouse 219 South Dearborn Street Chicago, IL 60604 | James A. Harrod, Esq. Bernstein Litowitz Berger & Grossmann LLP 1251 Avenue of the Americas New York, NY 10020<br><br>Sharan Nirmul, Esq. Kessler Topaz Meltzer & Check, LLP 280 King of Prussia Road Radnor, PA  19087 | Sean M. Berkowitz, Esq. Latham & Watkins LLP 330 North Wabash Avenue Suite 2800 Chicago, IL 60611 |

15

59.     Any objections, filings, and other submissions by the objecting Settlement Class Member:  (a) must identify the case name and docket number, *In re Baxter International Inc. Sec. Litig.*, Case No. 1:19-cv-07786 (N.D. Ill.); (b) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (c) must state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (d) must include documents sufficient to prove membership in the Settlement Class, *including* the number of shares of Baxter common stock that the objecting Settlement Class Member (A) owned as of the opening of trading on February 21, 2019 and (B) purchased/acquired and/or sold during the Class Period (from February 21, 2019 through October 23, 2019, inclusive), as well as the dates, number of shares, and prices of each such purchase/acquisition and sale. The objecting Settlement Class Member shall provide documentation establishing membership in the Settlement Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

60.     **You may not object to the Settlement, Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.**

61.     You may submit an objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless (1) you first submit a written objection in accordance with the procedures described above, (2) you first submit your notice of appearance in accordance with the procedures described below, or (3) the Court orders otherwise.

62.     If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, and if you timely submit a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 58 above so that it is *received* **on or before** _____, **2021**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

63.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 58 above so that the notice is *received* **on or before** _____, **2021**.

64.     **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and**

**shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES OF BAXTER COMMON STOCK ON SOMEONE ELSE'S BEHALF?

65.     If you purchased or otherwise acquired Baxter common stock during the period from February 21, 2019 through October 23, 2019, inclusive, for the beneficial interest of a person or entity other than yourself, you must either (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form ("Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to *Baxter International Inc. Securities Litigation*, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 5594, Portland, OR 97228-5594. If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may be obtained from the Settlement website, www.BaxterSecuritiesLitigation.com, or from Lead Counsel's websites, www.blbglaw.com and www.ktmc.com, by calling the Claims Administrator toll-free at 1-855-654-0873, or by emailing the Claims Administrator at info@BaxterSecuritiesLitigation.com.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

66.     This Notice contains only a summary of the terms of the Settlement. For the terms and conditions of the Settlement, please see the Stipulation available at www.BaxterSecuritiesLitigation.com. More detailed information about the matters involved in this Action can be obtained by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.ilnd.uscourts.gov, or by visiting, during regular office hours, the Office of the Clerk, United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604. Additionally, copies of any related orders entered by the Court and certain other filings in this Action will be posted on the Settlement website, www.BaxterSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*Baxter International Inc. Securities Litigation*
c/o Epiq Class Action & Claims Solutions, Inc.
P.O. Box 5594

17

Portland, OR 97228-5594
1-855-654-0873
info@BaxterSecuritiesLitigation.com
www.BaxterSecuritiesLitigation.com

and/or

James A. Harrod, Esq.
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas
New York, NY 10020

Sharan Nirmul, Esq.
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087

**PLEASE DO NOT CALL OR WRITE THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2021

By Order of the Court
United States District Court
Northern District of Illinois

18

## APPENDIX A

### Proposed Plan of Allocation of Net Settlement Fund Among Authorized Claimants

1.  The Plan of Allocation set forth herein is the plan that is being proposed to the Court for approval by Lead Plaintiffs after consultation with their damages consultant. The Court may approve the Plan of Allocation with or without modification, or approve another plan of allocation, without further notice to the Settlement Class. Any Orders regarding a modification to the Plan of Allocation will be posted on the website www.BaxterSecuritiesLitigation.com. Defendants have had, and will have, no involvement or responsibility for the terms or application of the Plan of Allocation.

2.  The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws set forth in the Class Action Complaint and Demand for Jury Trial filed on June 25, 2020, as opposed to economic losses caused by market or industry factors or company-specific factors unrelated thereto. To that end, Lead Plaintiffs' damages consultant calculated the estimated amount of alleged artificial inflation in the per share price of Baxter common stock over the course of the Class Period that was allegedly proximately caused by Defendants' alleged materially false and misleading misrepresentations and omissions.

3.  Calculations made pursuant to the Plan of Allocation do not represent a formal damages analysis that has been adjudicated in the Action and are not intended to measure the amounts that Settlement Class Members would recover after a trial. Nor are these calculations intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

4.  For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the security. Accordingly, to have a "Recognized Loss Amount" pursuant to the Plan of Allocation, a person or entity must have purchased or otherwise acquired Baxter common stock during the Class Period (*i.e.*, from February 21, 2019 through October 23, 2019, inclusive) and **held such Baxter common stock through** the alleged corrective disclosure on October 24, 2019 that removed the alleged artificial inflation related to that information.

### CALCULATION OF RECOGNIZED LOSS AMOUNTS

5.  For purposes of calculating a Claimant's a "Recognized Claim" under the Plan of Allocation, purchases, acquisitions, and sales of Baxter common stock will first be matched on a First In, First Out ("FIFO") basis as set forth in ¶ 9 below.

6.  A "Recognized Loss Amount" will be calculated as set forth below for each share of Baxter common stock purchased or otherwise acquired from February 21, 2019 through October 23, 2019, inclusive, that is listed in the Claim Form and for which adequate documentation is

provided. To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero. The sum of a Claimant's Recognized Loss Amounts for all purchases or acquisitions of Baxter common stock during the Class Period will be the Claimant's "Recognized Claim."

7.  A Claimant's Recognized Loss Amount will be calculated as follows:

   a.  For each share of Baxter common stock purchased or otherwise acquired during the Class Period and subsequently sold prior to the opening of trading on October 24, 2019 (the date of the alleged corrective disclosure), the Recognized Loss Amount is $0.

   b.  For each share of Baxter common stock purchased or otherwise acquired during the Class Period and subsequently sold after the opening of trading on October 24, 2019, and prior to the opening of trading on October 25, 2019, the Recognized Loss Amount shall be *the lesser of*:

      i.  $8.72 per share (the amount of alleged artificial inflation removed from the price of Baxter common stock on October 24, 2019);

      ii.  the actual purchase/acquisition price of each share (excluding taxes, commissions, and fees) *minus* $79.08, the closing price of Baxter common stock on October 24, 2019; or

      iii.  the Out of Pocket Loss, calculated as the actual purchase/acquisition price per share (excluding taxes, commissions, and fees) *minus* the actual sale price per share (excluding taxes, commissions, and fees).[2]

   c.  For each share of Baxter common stock purchased or otherwise acquired during the Class Period and subsequently sold after the opening of trading on October 25, 2019, and before the close of trading on January 21, 2020,[3] the Recognized Loss Amount shall be *the lesser of*:

---

[2]  To the extent that the calculation of an Out of Pocket Loss results in a negative number reflecting a gain on the transaction, that number shall be set to zero.

[3]  January 21, 2020 represents the last day of the 90-day period following the end of the Class Period, *i.e.*, the period of October 24, 2019 through January 21, 2020 (the "90-day Look-Back Period"). The PSLRA imposes a statutory limitation on recoverable damages using the 90-day Look-Back Period. This limitation is incorporated into the calculation of a Settlement Class Member's Recognized Loss Amount. Specifically, a Settlement Class Member's Recognized Loss Amount cannot exceed the difference between the purchase price paid for the Baxter common stock and the average price of Baxter common stock during the 90-day Look-Back Period if the Baxter common stock was held through January 21, 2020, the end of this period. Losses on Baxter common stock purchased/acquired during the period from February 21, 2019 through October 23, 2019, inclusive, and sold during the 90-day Look-Back Period cannot exceed the difference

    i.  $10.81 per share (the amount of alleged artificial inflation removed from the price of Baxter common stock on October 24 and October 25, 2019);

    ii.  the actual purchase/acquisition price of each share (excluding taxes, commissions, and fees) *minus* the 90-day Look-Back Value on the date of the sale as set forth in **Table 1** below; or

    iii.  the Out of Pocket Loss, calculated as the actual purchase/acquisition price per share (excluding taxes, commissions, and fees) *minus* the actual sale price per share (excluding taxes, commissions, and fees).[4]

d.    For each share of Baxter common stock purchased or otherwise acquired during the Class Period and held as of the close of trading on January 21, 2020 (*i.e.*, the last day of the 90-day Look-Back Period), the Recognized Loss Amount shall be ***the lesser of***:

    i.  $10.81 (the dollar amount of alleged artificial inflation) per share; or

    ii.  the actual purchase/acquisition price of each share (excluding taxes, commissions, and fees) *minus* $82.65 (the average closing price of Baxter common stock during the 90-day Look-Back Period, as shown on the last line in **Table 1** below).

### ADDITIONAL PROVISIONS

8.    The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶ 13 below) is $10.00 or greater.

9.    If a Settlement Class Member has more than one purchase/acquisition or sale of Baxter common stock during the Class Period, all purchases/acquisitions and sales shall be matched on a FIFO basis. Class Period sales will be matched first against any holdings of Baxter common stock at the beginning of the Class Period, and then against purchases/acquisitions of Baxter common stock, in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

---

between the purchase price paid for the Baxter common stock and the average price of Baxter common stock during the portion of the 90-day Look-Back Period elapsed as of the date of sale (the "90-day Look-Back Value"), as set forth in **Table 1** below.

[4]    To the extent that the calculation of an Out of Pocket Loss results in a negative number reflecting a gain on the transaction, that number shall be set to zero.

10.     Purchases/acquisitions and sales of Baxter common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Baxter common stock during the Class Period, shall not be deemed a purchase, acquisition, or sale of the Baxter common stock for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such Baxter common stock unless (i) the donor or decedent purchased or otherwise acquired such Baxter common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Baxter common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

11.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Baxter common stock. The date of a "short sale" is deemed to be the date of sale of the Baxter common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a Claimant has an opening short position in Baxter common stock, the earliest purchases or acquisitions during the Class Period shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

12.     Baxter common stock is the only security eligible for recovery under the Plan of Allocation. Option contracts to purchase or sell Baxter common stock also are not securities eligible to participate in the Settlement. With respect to Baxter common stock purchased or sold through the exercise of an option, the purchase/sale date of the Baxter common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option. Any Recognized Loss Amount arising from purchases of Baxter common stock acquired during the Class Period through the exercise of an option on Baxter common stock[5] shall be computed as provided for other purchases of Baxter common stock in the Plan of Allocation.

13.     The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

14.     After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator, no less than seven (7) months after the initial distribution, will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses

---

[5]     This includes (1) purchases of Baxter common stock as the result of the exercise of a call option, and (2) purchases of Baxter common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

15. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Claimants. No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages consultant, Defendants, Defendants' Counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders.

**Table 1**
**Baxter Common Stock 90-Day Look-Back Value**
**by Sale/Disposition Date**

| Sale Date | 90-Day Look-Back Value | Sale Date | 90-Day Look-Back Value |
|---|---|---|---|
| 10/24/2019 | $79.08 | 12/6/2019 | $80.14 |
| 10/25/2019 | $78.18 | 12/9/2019 | $80.18 |
| 10/28/2019 | $78.07 | 12/10/2019 | $80.25 |
| 10/29/2019 | $78.02 | 12/11/2019 | $80.33 |
| 10/30/2019 | $77.79 | 12/12/2019 | $80.42 |
| 10/31/2019 | $77.61 | 12/13/2019 | $80.52 |
| 11/1/2019 | $77.65 | 12/16/2019 | $80.61 |
| 11/4/2019 | $77.67 | 12/17/2019 | $80.68 |
| 11/5/2019 | $77.65 | 12/18/2019 | $80.75 |
| 11/6/2019 | $77.72 | 12/19/2019 | $80.79 |
| 11/7/2019 | $77.75 | 12/20/2019 | $80.83 |
| 11/8/2019 | $77.81 | 12/23/2019 | $80.92 |
| 11/11/2019 | $77.89 | 12/24/2019 | $81.01 |
| 11/12/2019 | $78.05 | 12/26/2019 | $81.08 |
| 11/13/2019 | $78.24 | 12/27/2019 | $81.15 |
| 11/14/2019 | $78.40 | 12/30/2019 | $81.20 |
| 11/15/2019 | $78.57 | 12/31/2019 | $81.25 |
| 11/18/2019 | $78.72 | 1/2/2020 | $81.35 |

| Sale Date | 90-Day Look-Back Value | Sale Date | 90-Day Look-Back Value |
|-----------|------------------------|-----------|------------------------|
| 11/19/2019 | $78.87 | 1/3/2020 | $81.43 |
| 11/20/2019 | $79.03 | 1/6/2020 | $81.51 |
| 11/21/2019 | $79.18 | 1/7/2020 | $81.59 |
| 11/22/2019 | $79.31 | 1/8/2020 | $81.68 |
| 11/25/2019 | $79.43 | 1/9/2020 | $81.78 |
| 11/26/2019 | $79.54 | 1/10/2020 | $81.85 |
| 11/27/2019 | $79.65 | 1/13/2020 | $81.99 |
| 11/29/2019 | $79.74 | 1/14/2020 | $82.12 |
| 12/2/2019 | $79.82 | 1/15/2020 | $82.25 |
| 12/3/2019 | $79.86 | 1/16/2020 | $82.38 |
| 12/4/2019 | $79.95 | 1/17/2020 | $82.51 |
| 12/5/2019 | $80.04 | 1/21/2020 | $82.65 |

**Exhibit A-2**

### *Baxter International Inc. Securities Litigation*
**c/o Epiq Class Action & Claims Solutions, Inc.**
**P.O. Box 5594**
**Portland, OR 97228-5594**

**Toll-Free Number:  1-855-654-0873**
**Email:  info@BaxterSecuritiesLitigation.com**
**Website:  www.BaxterSecuritiesLitigation.com**

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the proposed Settlement, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the above address, or submit it online at www.BaxterSecuritiesLitigation.com, **postmarked (or received) no later than _____, 2021**.

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to recover any money in connection with the proposed Settlement.

**Do not mail or deliver your Claim Form to the Court, the Parties to the Action, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above, or online at www.BaxterSecuritiesLitigation.com.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – GENERAL INSTRUCTIONS** | __ |
| **PART II – CLAIMANT IDENTIFICATION** | __ |
| **PART III – SCHEDULE OF TRANSACTIONS IN BAXTER INTERNATIONAL INC. COMMON STOCK** | __ |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | __ |

## PART I – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice") that accompanies this Claim Form, including the proposed Plan of Allocation set forth in the Notice ("Plan of Allocation"). The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the Releases described therein and provided for herein.

2.      This Claim Form is directed to **all persons and entities who purchased or otherwise acquired Baxter International Inc. ("Baxter") common stock during the Class Period (from February 21, 2019 through October 23, 2019, inclusive), and were damaged thereby ("Settlement Class")**. Certain persons and entities are excluded from the Settlement Class by definition as set forth in ¶ 22 of the Notice.

3.      By submitting this Claim Form, you are making a request to share in the proceeds of the Settlement described in the Notice. IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (*see* definition of Settlement Class contained in ¶ 22 of the Notice), OR IF YOU SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM AS **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT.** THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

4.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

5.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of Baxter common stock. On this schedule, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Baxter common stock, whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

6.      **Please note**: Only Baxter common stock purchased or otherwise acquired during the Class Period (*i.e.*, from February 21, 2019 through October 23, 2019, inclusive) is eligible under the Settlement. However, pursuant to the "90-day look-back period" (described in the Plan of Allocation set forth in the Notice), your sales of Baxter common stock during the period from October 24, 2019 through and including the close of trading on January 21, 2020 will be used for purposes of calculating loss amounts under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase information during the 90-day look-back period must also be provided. **Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.**

7.        You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Baxter common stock set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in Baxter common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

8.        All joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part II of this Claim Form. The complete name(s) of the beneficial owner(s) must be entered. If you purchased or otherwise acquired Baxter common stock during the Class Period and held the shares in your name, you are the beneficial owner as well as the record owner. If you purchased or otherwise acquired Baxter common stock during the Class Period and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

9.        **One Claim should be submitted for each separate legal entity or separately managed account**. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account. The Claims Administrator reserves the right to request information on all the holdings and transactions in Baxter common stock made on behalf of a single beneficial owner.

10.        Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

    (a)        expressly state the capacity in which they are acting;

    (b)        identify the name, account number, last four digits of the Social Security Number (or Taxpayer Identification Number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Baxter common stock; and

    (c)        furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11.        By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal

prosecution.

12.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

13.     **PLEASE NOTE**: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

14.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or a copy of the Notice, you may contact the Claims Administrator, Epiq Class Action & Claims Solutions, Inc., at the above address, by email at info@BaxterSecuritiesLitigation.com, or by toll-free phone at 1-855-654-0873, or you can visit the website for the Settlement maintained by the Claims Administrator, www.BaxterSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

15.     **NOTICE REGARDING ELECTRONIC FILES**: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the *mandatory* electronic filing requirements and file layout, you may visit the website for the Settlement, www.BaxterSecuritiesLitigation.com, or you may email the Claims Administrator's electronic filing department at info@BaxterSecuritiesLitigation.com. **Any file that is not in accordance with the required electronic filing format will be subject to rejection.** No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to you to that effect. **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's electronic filing department at info@BaxterSecuritiesLitigation.com to inquire about your file and confirm it was received.**

## IMPORTANT PLEASE NOTE:

**YOUR CLAIM IS NOT DEEMED SUBMITTED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-855-654-0873.**

## PART II – CLAIMANT IDENTIFICATION

**Please complete this PART II in its entirety. The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.**

Beneficial Owner's First Name          Beneficial Owner's Last Name

Co-Beneficial Owner's First Name       Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                                                          State      Zip Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                     Telephone Number (work)

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

Account Number (where securities were traded)[1]

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

Claimant Account Type (check appropriate box)

☐ Individual (includes joint owner accounts)   ☐ Pension Plan      ☐ Trust
☐ Corporation                        ☐ Estate
☐ IRA/401K                          ☐ Other _____ (please specify)

---

[1] If the account number is unknown, you may leave blank. If filing for more than one account for the same legal entity you may write "multiple." Please see ¶ 9 of the General Instructions above for more information on when to file separate Claim Forms for multiple accounts.

## PART III – SCHEDULE OF TRANSACTIONS IN
## BAXTER INTERNATIONAL INC COMMON STOCK

Complete this Part III if and only if you purchased or otherwise acquired Baxter common stock during the period from February 21, 2019 through October 23, 2019, inclusive. Please be sure to include proper documentation with your Claim Form as described in detail in Part I – General Instructions, ¶ 7, above. Do not include information regarding securities other than Baxter common stock.

| 1. **HOLDINGS AS OF FEBRUARY 21, 2019** – State the total number of shares of Baxter common stock held as of the opening of trading on February 21, 2019. (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Holding Position Enclosed ○ |
|---|---|

**2. PURCHASES/ACQUISITIONS FROM FEBRUARY 21, 2019 THROUGH OCTOBER 23, 2019, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of Baxter common stock from after the opening of trading on February 21, 2019 through and including the close of trading on October 23, 2019. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchases/ Acquisitions Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

**3. PURCHASES/ACQUISITIONS FROM OCTOBER 24, 2019 THROUGH JANUARY 21, 2020** – State the total number of shares of Baxter common stock purchased/acquired (including free receipts) from after the opening of trading on October 24, 2019 through and including the close of trading on January 21, 2020. (Must be documented.) If none, write "zero" or "0."[2] _____

| 4. **SALES FROM FEBRUARY 21, 2019 THROUGH JANUARY 21, 2020, INCLUSIVE** – Separately list each and every sale/disposition (including free deliveries) of Baxter common stock from after the opening of trading on February 21, 2019 through and including the close of trading on January 21, 2020. (Must be documented.) | **IF NONE, CHECK HERE** ○ |
|---|---|

---

[2] **Please note**: Information requested with respect to your purchases/acquisitions of Baxter common stock from after the opening of trading on October 24, 2019 through and including the close of trading on January 21, 2020 is needed in order to perform the necessary calculations for your claim; purchases/acquisitions during this period, however, are not eligible transactions and will not be used for purposes of calculating Recognized Loss Amounts pursuant to the Plan of Allocation.

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting taxes, commissions, and fees) | Confirm Proof of Sales Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

| | |
|---|---|
| **5. HOLDINGS AS OF JANUARY 21, 2020 –** State the total number of shares of Baxter common stock held as of the close of trading on January 21, 2020. (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Holding Position Enclosed ○ |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX** ☐

**PART IV - RELEASE OF CLAIMS AND SIGNATURE**

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall permanently and forever be barred and enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

**CERTIFICATION**

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.      that I (we) have read and understand the contents of the Notice and this Claim Form, including the Releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the claimant(s) is a (are) member(s) of the Settlement Class, as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.      that the claimant(s) has (have) **not** submitted a request for exclusion from the Settlement Class;

4.      that I (we) own(ed) the Baxter common stock identified in the Claim Form and have not assigned the claim against Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.      that the claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of Baxter common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.      that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the Releases set forth herein;

7.      that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

8.      that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court of the validity or amount of this Claim and waives any right of appeal or review with respect to such determination;

9.      that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.     that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it/they is (are) subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it/they is (are) no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he/she/it/they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

| | |
|---|---|
| Signature of claimant | Date |

Print claimant name here

| | |
|---|---|
| Signature of joint claimant, if any | Date |

Print joint claimant name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

| | |
|---|---|
| Signature of person signing on behalf of claimant | Date |

Print name of person signing on behalf of claimant here

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – *see* ¶ 10 on page __ of this Claim Form.)

Page 10

## REMINDER CHECKLIST

1. Sign the above release and certification. If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and any supporting documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed submitted until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 1-855-654-0873.**

6. If your address changes in the future, you must send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@BaxterSecuritiesLitigation.com, or by toll-free phone at 1-855-654-0873 or you may visit www.BaxterSecuritiesLitigation.com. DO NOT call the Court, Defendants, or Defendants' Counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, OR SUBMITTED ONLINE AT WWW.BAXTERSECURITIESLITIGATION.COM, **POSTMARKED (OR RECEIVED) NO LATER THAN _____ __, 2021.** IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

*Baxter International Inc. Securities Litigation*
**c/o Epiq Class Action & Claims Solutions, Inc.**
**P.O. Box 5594**
**Portland, OR 97228-5594**

If mailed, a Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____ __, 2021, is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

**Exhibit A-3**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| IN RE BAXTER INTERNATIONAL INC. SECURITIES LITIGATION | Case No. 1:19-cv-07786<br><br>District Judge Sara L. Ellis<br><br>Magistrate Judge Jeffrey I. Cummings |

### SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**TO:** **All persons and entities who purchased or otherwise acquired Baxter International Inc. ("Baxter") common stock during the period from February 21, 2019 through October 23, 2019, inclusive, and were damaged thereby ("Settlement Class").** Certain persons and entities are excluded from the Settlement Class as set forth in detail in the Stipulation and Agreement of Settlement dated April 1, 2021 ("Stipulation") and the Notice described below.

### PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of Illinois ("Court"), that the above-captioned action ("Action") has been provisionally certified as a class action for the purposes of settlement only on behalf of the Settlement Class. YOU ARE ALSO NOTIFIED that the parties to the Action have reached a proposed settlement for $16,000,000 in cash ("Settlement") that, if approved, will resolve all claims in the Action.

A hearing will be held on _____, 2021 at __:__ _.m., before the Honorable Sara L. Ellis at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, Courtroom 1403, to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the releases specified and described in the Stipulation (and in the Notice described below) should be entered; (iii) whether the Settlement Class should be certified for purposes of effectuating the Settlement; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (v) whether Lead Counsel's motion for attorneys' fees and litigation expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Baxter International Inc. Securities Litigation*, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 5594, Portland, OR 97228-5594, 1-855-654-0873, info@BaxterSecuritiesLitigation.com. Copies of the Notice and Claim Form can also be downloaded from the website for the Settlement, www.BaxterSecuritiesLitigation.com, or from Lead Counsel's websites, www.blbglaw.com and www.ktmc.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked (if mailed), or online, no later than _____, 2021*, in accordance with the instructions set forth in the Claim Form. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any releases, judgments, or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received no later than _____, 2021*, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any releases, judgments, or orders entered by the Court in the Action and you will not be eligible to share in the net proceeds of the Settlement. Excluding yourself is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other released parties concerning the claims being resolved by the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and litigation expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received no later than _____, 2021*, in accordance with the instructions set forth in the Notice.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.** All questions about this notice, the Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.

Requests for the Notice and Claim Form should be made to the Claims Administrator:

*Baxter International Inc. Securities Litigation*
c/o Epiq Class Action & Claims Solutions, Inc.
P.O. Box 5594
Portland, OR 97228-5594
1-855-654-0873
info@BaxterSecuritiesLitigation.com
www.BaxterSecuritiesLitigation.com

2

All other inquiries should be made to Lead Counsel:

James A. Harrod, Esq.                    Sharan Nirmul, Esq
Bernstein Litowitz Berger & Grossmann LLP   Kessler Topaz Meltzer & Check, LLP
1251 Avenue of the Americas              280 King of Prussia Road
New York, NY  10020                      Radnor, PA  19087
1-800-380-8496                           1-610-667-7706
settlements@blbglaw.com                  info@ktmc.com


DATED:  _____ __, 2021             BY ORDER OF THE COURT
                                         United States District Court
                                         Northern District of Illinois

3

**Exhibit B**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE BAXTER INTERNATIONAL INC. SECURITIES LITIGATION | Case No. 1:19-cv-07786<br><br>District Judge Sara L. Ellis<br><br>Magistrate Judge Jeffrey I. Cummings |

## [PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, an action is pending in this Court entitled *In re Baxter International Inc. Securities Litigation*, Case No. 1:19-cv-07786 (the "Action");

WHEREAS, (a) Louisiana Municipal Police Employees' Retirement System and Varma Mutual Pension Insurance Company (together, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) Baxter International Inc. ("Baxter" or the "Company"), José E. Almeida, and James K. Saccaro (collectively, "Defendants") have entered into a Stipulation and Agreement of Settlement dated April 1, 2021 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____ __, 2021 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B), that it (i) would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2) and (ii) would likely be able to certify the Settlement Class for purposes of the Settlement; (b) ordered that notice of the proposed

Settlement be provided to potential Settlement Class Members; (c) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____ __, 2021 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      **<u>Jurisdiction</u>** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.      **<u>Incorporation of Settlement Documents</u>** – This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on April 1, 2021; and (b) the Notice and the Summary Notice, both of which were filed with the Court on _____ __, 2021.

3.      **<u>Class Certification for Settlement Purposes</u>** – The Court hereby certifies for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons or entities who purchased or otherwise acquired Baxter common stock during the Class Period and

2

were damaged thereby. Excluded from the Settlement Class are Defendants, any person who was an executive officer or director of Baxter during the Class Period, their Immediate Family members, any affiliates of Baxter, and any persons or entities listed on Exhibit 1 hereto who or that are excluded from the Settlement Class pursuant to request.

4.     **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby appoints Lead Plaintiffs as Class Representatives for the Settlement Class and appoints Lead Counsel as Class Counsel for the Settlement Class. Lead Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.     **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for attorneys' fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the

3

Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules. No Settlement Class Member is relieved from the terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all Settlement Class Members are bound by this Judgment, except those persons listed on Exhibit 1 to this Judgment.

6. **CAFA Notice** - The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

7. [**Objections** - The Court has considered each of the objections to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure. The Court finds and concludes that each of the objections is without merit, and they are hereby overruled.]

8. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class. Specifically, the Court finds that (a) Lead Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief

4

provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Settlement Class; and the proposed attorneys' fee award; and (d) the Settlement treats members of the Settlement Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

9. The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice as to all Defendants. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

10. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

11. **Releases** – The Releases set forth in paragraphs 10 and 11 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Lead Plaintiffs, each of the other Settlement Class Members, and Plaintiffs' Releasees shall be deemed to have, and by operation of law and of this Judgment

5

shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees as set forth in the Stipulation and shall permanently and forever be barred and enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

(b)     Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Defendants and Defendants' Releasees shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiffs and the other Plaintiffs' Releasees as set forth in the Stipulation, and shall permanently and forever be barred and enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.  [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

12.     Notwithstanding paragraphs 11 (a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13.     **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

6

14. **No Admissions** – This Judgment, the Term Sheet, the Stipulation (whether or not consummated and whether or not approved by the Court), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), and any discussion, communication, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, or any matter arising in connection with settlement discussions, negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than to enforce the terms of, the Stipulation, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants or Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs, or the validity or infirmity of any claim that was or could have been asserted in this Action or in any other litigation, including but not limited to Released Plaintiffs' Claims, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or Defendants' Releasees or any other person or entity whatsoever; do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Lead Plaintiffs, or any other members of the Settlement Class as evidence of any infirmity in the Lead Plaintiffs' claims, or the other members of the Settlement Class;;

7

(b)     do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Lead Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Lead Plaintiffs, other members of the Settlement Class, or their respective counsel, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(c)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Lead Plaintiffs or Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; and

(d)     do not constitute, and shall not be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount that could be or would have been recovered after trial;

8

*provided, however,* that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

15. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

16. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

17. **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be

vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action on February 17, 2021, as provided in the Stipulation.

19. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2021.

_____
The Honorable Sara L. Ellis
United States District Judge

10

**Exhibit 1**

**[List of Persons and Entities Excluded from the Settlement Class Pursuant to Request]**