# Exhibit 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE BAXTER INTERNATIONAL INC. SECURITIES LITIGATION | Case No. 1:19-cv-07786<br><br>District Judge Sara L. Ellis<br><br>Magistrate Judge Jeffrey I. Cummings |

**DECLARATION OF BEN HUXEN, EXECUTIVE DIRECTOR AND GENERAL COUNSEL OF LOUISIANA MUNICIPAL POLICE EMPLOYEES' RETIREMENT SYSTEM, IN SUPPORT OF: (I) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION; AND (II) LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

I, Ben Huxen, hereby declare under penalty of perjury as follows:

1. I am the Executive Director and General Counsel of Louisiana Municipal Police Employees' Retirement System ("LAMPERS"), one of the Court-appointed Lead Plaintiffs in this securities class action (the "Action").[1] I submit this declaration in support of (i) Lead Plaintiffs' motion for final approval of the proposed Settlement and approval of the proposed Plan of Allocation; and (ii) Lead Counsel's motion for attorneys' fees and Litigation Expenses. I have personal knowledge of the matters set forth in this Declaration and, if called upon, I could and would testify competently thereto.

2. LAMPERS is a public pension fund system organized for the benefit of the current and retired police employees of the State of Louisiana and is located in Baton Rouge, Louisiana. As of June 30, 2020, LAMPERS had total assets of more than $2.2 billion under management for approximately 10,000 active and retired police department workers throughout Louisiana.

---

[1] Unless otherwise defined in this Declaration, all capitalized terms have the meanings set out in the Stipulation and Agreement of Settlement dated April 21, 2021 (ECF No. 57-1).

**I.     LAMPERS' Oversight of the Action**

3.     I am aware of and understand the requirements and responsibilities of a lead plaintiff in a securities class action, including those set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA").

4.     On January 31, 2020, the Court appointed LAMPERS as one of the two Leads Plaintiff in the Action pursuant to the PSLRA, and approved its selection of Bernstein Litowitz Berger & Grossmann LLP ("BLB&G") as co-Lead Counsel for the class.

5.     LAMPERS, through my active and continuous involvement, closely supervised, carefully monitored, and was actively involved in all material aspects of the prosecution and resolution of the Action. LAMPERS received periodic status reports from BLB&G on case developments and participated in regular discussions with attorneys from BLB&G concerning the prosecution of the Action, the strengths of and risks to the claims, and potential settlement. In particular, throughout the course of this Action, I: (a) communicated with BLB&G by email and telephone calls regarding the posture and progress of the case; (b) reviewed all significant pleadings and briefs filed in the Action; (c) was advised of and participated in the mediation process and consulted with BLB&G concerning the settlement negotiations as they progressed; and (d) evaluated and approved the proposed Settlement.

**II.    LAMPERS Strongly Endorses Approval of the Settlement**

6.     Based on its involvement throughout the prosecution and resolution of the claims asserted in the Action, LAMPERS believes that the proposed Settlement is fair, reasonable, and adequate to the Settlement Class. LAMPERS believes that the Settlement represents a favorable recovery for the Settlement Class, particularly in light of the substantial risks of continuing to prosecute the claims in this case and in recovering a judgment larger than the proposed Settlement. Therefore, LAMPERS strongly endorses approval of the Settlement by the Court.

### III. LAMPERS Supports Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses

7. While it is understood that the ultimate determination of Lead Counsel's request for attorneys' fees and expenses rests with the Court, LAMPERS believes that Lead Counsel's request for an award of attorneys' fees in the amount of 22% of the Settlement Fund is reasonable in light of the result achieved in the Action, the risks undertaken, and the quality of the work performed by Lead Counsel on behalf of Lead Plaintiffs and the Settlement Class. The fee requested is below the fee that could be sought pursuant to a retainer agreement entered into between LAMPERS and Lead Counsel at the outset of the litigation. After the agreement to settle the Action was reached, LAMPERS evaluated the fee request by considering the recovery obtained for the Settlement Class in this Action, the risks of the Action, and its observations of the high-quality work performed by Lead Counsel throughout the litigation, and has authorized this fee request to the Court for its ultimate determination.

8. LAMPERS further believes that Lead Counsel's Litigation Expenses are reasonable and represent costs and expenses necessary for the prosecution and resolution of the claims in the Action. Based on the foregoing, and consistent with its obligation to the class to obtain the best result at the most efficient cost, LAMPERS fully supports Lead Counsel's motion for attorneys' fees and Litigation Expenses.

9. LAMPERS understands that reimbursement of a class representative's reasonable costs and expenses is authorized under the PSLRA. For this reason, in connection with Lead Counsel's request for reimbursement of Litigation Expenses, LAMPERS seeks reimbursement for the costs and expenses that it incurred directly relating to its representation of the Settlement Class in the Action.

10. My responsibility as LAMPERS' Executive Director and General Counsel Chairperson includes monitoring litigation matters related to the investment portfolio.

11. The time that I devoted to the representation of the Settlement Class in this Action was time that I otherwise would have expected to spend on other work for LAMPERS and, thus, represented a cost to LAMPERS. LAMPERS seeks reimbursement in the amount of $4,050.00 (45 hours at $90 per hour) for the time I devoted to supervising and participating in the Action.[2]

## IV. Conclusion

12. In conclusion, LAMPERS, a Court-appointed Lead Plaintiff and Class Representative for the Settlement Class, which was closely involved throughout the prosecution and settlement of the Action, strongly endorses the Settlement as fair, reasonable, and adequate, and believes it represents a favorable recovery for the Settlement Class in light of the risks of continued litigation. LAMPERS further supports Lead Counsel's motion for attorneys' fees and payment of Litigation Expenses and believes that it represents fair and reasonable compensation for counsel in light of the recovery obtained for the Settlement Class, the substantial work conducted, and the litigation risks. And finally, LAMPERS requests reimbursement for its expenses under the PSLRA as set forth above. Accordingly, LAMPERS respectfully requests that the Court approve (i) Lead Plaintiffs' motion for final approval of the proposed Settlement and Plan of Allocation; and (ii) Lead Counsel's motion for attorneys' fees and Litigation Expenses.

I declare under penalty of perjury that the foregoing is true and correct, and that I have authority to execute this Declaration on behalf of LAMPERS.

---

[2] My hourly rate used for purposes of this request is generally based on my annual compensation. On behalf of LAMPERS, I devoted a significant amount of time to this Action, and our request for reimbursement of costs is based on a very conservative estimate of the amount of time I spent on this litigation.

4

Executed this 25th day of June, 2021.

_____
Ben Huxen
Executive Director and General Counsel
Louisiana Municipal Police Employees'
Retirement System

#3029342