# Exhibit 10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| LEONARD SOKOLOW, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 1:18-cv-01039 |
| Plaintiff, | ) ) | Hon. Judge Robert M. Dow, Jr. |
| vs. | ) ) | |
| LJM FUNDS MANAGEMENT, LTD., et al., | ) ) | |
| Defendants. | ) ) | |
| | ) | |

**ORDER AWARDING ATTORNEYS' FEES AND EXPENSES
AND AN AWARD TO INDIVIDUAL LEAD PLAINTIFFS
<u>PURSUANT TO 15 U.S.C. §77z-1(a)(4)</u>**

This matter came before the Court for hearing on December 18, 2019 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and payment of expenses. ECF Nos. 204 & 205. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and was transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Partial Settlement, dated August 19, 2019, ECF No. 192 (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Settlement Class Members.

3. Notice of Lead Counsel's motion for an award of attorneys' fees and payment of expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the

"PSLRA"); constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

4. Lead Counsel are hereby awarded attorneys' fees of 28% of the Settlement Fund, plus interest at the same rate earned by the Settlement Fund, and payment of litigation expenses in the amount of $25,869.93, plus accrued interest, which sums the Court finds to be fair and reasonable.

5. Lead Plaintiffs Justin and Jenny Kaufman, Dr. Larry and Marilyn Cohen, and Joseph N. Wilson are each awarded $2,000, for a total of $10,000.00, from the Settlement Fund, pursuant to the PSLRA, 15 U.S.C. §77z-1(a)(4), related to their representation of the Settlement Class.

6. The award of attorneys' fees and expenses may be paid to Lead Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

7. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Seventh Circuit and found that:

       (a) The Settlement has created a fund of $12,850,000 in cash, pursuant to the terms of the Stipulation, and Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement created by the efforts of Lead Counsel;

       (b) The fee sought by Lead Counsel has been reviewed and approved as reasonable by the Lead Plaintiffs, who were directly involved in the prosecution and resolution of the Action and who have a substantial interest in ensuring that any fees paid to counsel are duly earned and not excessive;

(c)     The amount of attorneys' fees awarded are fair and reasonable and are consistent with fee awards approved in cases within the Seventh Circuit with similar recoveries;

(d)     Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy and are highly experienced in the field of securities class action litigation;

(e)     Lead Counsel undertook the Action on a contingent basis, and have received no compensation during the Action, and any fee and expense award has been contingent on the result achieved;

(f)     The claims against the Settling Defendants involve complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain; and

(g)     64,106 copies of the Notice were mailed to potential Settlement Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 28% of the Settlement Fund and expenses in an amount not to exceed $100,000, and there were no objections to the requested attorneys' fees and expenses.

8.     Any appeal or any challenge affecting this Court's approval regarding any of the attorneys' fees and expense applications shall in no way disturb or affect the finality of the Judgment.

9.     In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

10.     There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

DATED this 18th day of December, 2019

BY THE COURT:

_____
Honorable Robert M. Dow, Jr.
UNITED STATES DISTRICT JUDGE

4