# Exhibit 11

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| PENSION TRUST FUND FOR OPERATING ENGINEERS, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:16-CV-05198 |
| Plaintiff, | Hon. Mary M. Rowland |
| v. |  |
| DEVRY EDUCATION GROUP, INC., DANIEL HAMBURGER, RICHARD M. GUNST, PATRICK J. UNZICKER, AND TIMOTHY J. WIGGINS, |  |
| Defendants. |  |

## ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

This matter came before the Court for hearing on December 6, 2019 (the "Final Approval Hearing") on Lead Counsel's motion for an award of attorneys' fees and payment of expenses. The Court having considered all matters submitted to it at the Final Approval Hearing and otherwise; and it appearing that notice of the Final Approval Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and was transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     This Order incorporates by reference the definitions in the Stipulation of Settlement, dated August 29, 2019 (the "Settlement Agreement"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Settlement Agreement.

2.     The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Settlement Class Members.

3.     Notice of Lead Counsel's motion for an award of attorneys' fees and payment of expenses was given to all Settlement Class Members who could be identified with reasonable effort.  The form and method of notifying the Settlement Class of the motion satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

4.      Lead Counsel is hereby awarded, on behalf of all Plaintiffs' Counsel, attorneys'

fees in the amount of $7,425,000, plus interest at the same rate earned by the Settlement Fund

(which is 27% of the Settlement Fund), and payment of litigation expenses in the amount of

$184,192.69, plus accrued interest, which sums the Court finds to be fair and reasonable.  Lead

Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner

which it, in good faith, believes reflects the contributions of such counsel to the institution,

prosecution, and settlement of the Action.

5.      Lead Plaintiff Utah Retirement Systems is hereby awarded $10,000.00 from the

Settlement Fund, pursuant to the PSLRA, as reimbursement for its reasonable costs and expenses

directly related to its representation of the Settlement Class.

6.      The award of attorneys' fees and expenses may be paid to Lead Counsel from the

Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and

obligations of the Settlement Agreement, which terms, conditions, and obligations are

incorporated herein.

7.      In making this award of attorneys' fees and expenses to be paid from the

Settlement Fund, the Court has analyzed the factors considered within the Seventh Circuit and

found that:

> (a)      The Settlement has created a fund of $27,500,000 in cash, pursuant to the
> terms of the Settlement Agreement, and numerous Settlement Class Members who
> submit acceptable Claim Forms will benefit from the Settlement created by the efforts of
> Plaintiffs' Counsel;

2

(b)     The fee sought by Lead Counsel has been reviewed and approved as reasonable by the Lead Plaintiff, a sophisticated institutional investor that was directly involved in the prosecution and resolution of the Action and who has a substantial interest in ensuring that any fees paid to counsel are duly earned and not excessive;

(c)     The amount of attorneys' fees awarded are fair and reasonable and are consistent with fee awards approved in cases within the Seventh Circuit with similar recoveries;

(d)     Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy and are highly experienced in the field of securities class action litigation;

(e)     Plaintiffs' Counsel devoted more than 6,600 hours, with a lodestar value of $3,486,985.50, to achieve the Settlement;

(f)     Plaintiffs' Counsel undertook the Action on a contingent basis, and have received no compensation during the Action, and any fee and expense award has been contingent on the result achieved;

(g)     The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain; and

(h)     67,813 copies of the Notice were mailed to potential Settlement Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 27% of the Settlement Fund and expenses in an amount not to exceed $225,000, and there were no objections to the requested attorneys' fees and expenses.

8.      Any appeal or any challenge affecting this Court's approval regarding any of the

attorneys' fees and expense applications shall in no way disturb or affect the finality of the

Judgment.

9.      In the event that the Settlement is terminated or the Effective Date of the

Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent

provided by the Settlement Agreement.

10.     There is no just reason for delay in the entry of this Order, and immediate entry

by the Clerk of the Court is expressly directed.


DATED this 6th day of December, 2019


                                        BY THE COURT:

                                        *Mary M Rowland*
                                        _____
                                        Honorable Mary M. Rowland
                                        UNITED STATES DISTRICT JUDGE