# Exhibit 12

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MURRAY RUBINSTEIN, et al., Individually and On Behalf of All Others Similarly Situated, | ) ) ) | No. 14-cv-9465 |
| | ) | |
| Plaintiffs, | ) | Honorable Robert M. Dow, Jr. |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD GONZALEZ and ABBVIE INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING APPROVAL OF LEAD COUNSEL'S FEES, AND EXPENSES, COSTS TO LEAD PLAINTIFF AND PLAN OF ALLOCATION

On October 22, 2019, this Court heard Lead Plaintiff's Motion for an Award of Attorney's Fees, Reimbursement of Expenses and approval of Plan of Allocation (the "Motion"). This Court has considered the Motion and other related materials submitted by Lead Plaintiff, as well as Lead Plaintiff's presentation at the Final Approval Hearing, and otherwise being fully informed on the premises, hereby finds and orders as follows:

1. Lead Counsel are awarded $5,025,000 in attorneys' fees.

2. Lead Counsel are awarded $530,133.17 as reimbursement of litigation expenses.

3. This Court finds that Lead Plaintiff Dawn Bradley, in prosecuting the case on behalf of the Class, made a substantial contribution to its outcome, and is therefore awarded $9,937.20 in costs, in addition to any share of the Settlement Fund to which she is entitled.

4. The foregoing awards shall be paid from the Settlement Fund in accordance with the Stipulation of Settlement.

5.     This Court approves the proposed Plan of Allocation and finds it is fair, reasonable and adequate.

DATED: October 22, 2019

_____
Honorable Robert M. Dow, Jr.

3

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MURRAY RUBINSTEIN, *et al.*, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | No. 14-cv-9465 |
| | ) | Honorable Robert M. Dow, Jr. |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| RICHARD GONZALEZ and ABBVIE INC., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND APPROVAL OF PLAN OF ALLOCATION

Carl Malstrom
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**
111 West Jackson  Street, Suite 1700
Chicago, IL 60604
Tel: 312-984-0000
Fax: 312-212-4401

Mark C. Rifkin
Kate McGuire
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
Tel: 212-545-4600
Fax: 212-545-4758

James S. Notis
Jennifer Sarnelli
**GARDY & NOTIS, LLP**
Tower 56
126 East 56th Street, 8th Floor
New York, NY 10022
Tel: 212-905-0509
Fax: 212-905-0508

*Plaintiff's Lead Counsel*

Pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, Lead Plaintiff respectfully submits this memorandum in support of her motion for (i) an award of attorneys' fees in the amount of 30% of the Settlement Fund; (ii) reimbursement of $530,133.17 for Lead Counsel's litigation expenses that were reasonably and necessarily incurred in prosecuting and resolving the Action; (iii) reimbursement of $9,937.20 to Lead Plaintiff for her costs and expenses directly related to her representation of the Class, as authorized by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), (iv) and approval of the proposed Plan of Allocation.

## I. PRELIMINARY STATEMENT

The proposed Settlement, if approved by the Court, will resolve this Action in its entirety in exchange for a $16.75 million cash payment. The proposed Settlement represents an excellent result for the Class. It provides meaningful and immediate compensation while avoiding the risks and delay of continued litigation.

The $16.75 million payment was achieved in the face of numerous challenges. To begin with, there were significant obstacles to establishing Defendants' liability in this case. Sarnelli Decl.[1] at ¶¶30-54. Defendants presented evidence that may have led a jury to determine that they did not act with scienter. *Id.* Even if Lead Plaintiff was able to establish scienter, there was still a risk that the Court could adopt a damage model that could have eliminated the Class's potential recovery. *Id.* at 53. As noted in the Sarnelli Declaration, the litigation risks were substantial.

In order to achieve this recovery, Lead Counsel made significant efforts and litigated aggressively on a fully contingent basis, without any guarantee of payment, against capable defense counsel. Lead Counsel pursued this litigation from its outset by, among other things, (i)

---

[1] Declaration of Jennifer Sarnelli in support of Lead Plaintiff's Motions for Approval Of Class Action Settlement and an Award of Attorneys' Fees, Reimbursement of Expenses and Approval of Plan of Allocation (hereinafter "Sarnelli Declaration" or "Sarnelli Decl.").