**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

IN RE BAXTER INTERNATIONAL INC.
SECURITIES LITIGATION

Case No. 1:19-cv-07786

District Judge Sara L. Ellis

Magistrate Judge Jeffrey I. Cummings

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
(A) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
SETTLEMENT AND PLAN OF ALLOCATION AND (B) LEAD COUNSEL'S
<u>MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES</u>**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION ................................................................................................................. 1

ARGUMENT ....................................................................................................................... 2

    I.     The Robust Notice Program................................................................................2

    II.    The Reaction of the Settlement Class Supports Approval of the Settlement
          and Plan of Allocation and the Motion for Attorneys' Fees and Expenses.............4

CONCLUSION..................................................................................................................... 7

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*In re AT & T Mobility Wireless Data Servs. Sales Tax Litig.*,
    789 F. Supp. 2d 935 (N.D. Ill. 2011) ...................................................................4

*In re AT&T Corp. Sec. Litig.*,
    2005 WL 6716404 (D.N.J. Apr. 25, 2005) ...........................................................5

*In re Facebook, Inc. IPO Sec. & Derivative Litig.*,
    343 F. Supp. 3d 394 (S.D.N.Y. 2018).....................................................................5

*Garcia v. J.C. Penney Corp., Inc.*,
    2017 WL 3449077 (N.D. Ill. Aug. 9, 2017) .........................................................4

*Goldsmith v. Tech. Sols. Co.*,
    1995 WL 17009594 (N.D. Ill. Oct. 10, 1995)........................................................5

*Hedberg v. Schanck*,
    1985 WL 5825 (N.D. Ill. Feb. 21, 1985) ...............................................................5

*Kleen Prods. LLC v. Int'l Paper Co.*,
    2017 WL 5247928 (N.D. Ill. Oct. 17, 2017).........................................................5

*In re Lithotripsy Antitrust Litig.*,
    2000 WL 765086 (N.D. Ill. June 12, 2000) .........................................................6

*Myszka v. Nat'l Collegiate Scouting Ass'n, Inc.*,
    2014 WL 1364468 (N.D. Ill. Mar. 19, 2014)........................................................4

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
    986 F. Supp. 2d 207 (E.D.N.Y. 2013) ..................................................................6

*Retsky Family Ltd. P'ship v. Price Waterhouse LLP*,
    2001 WL 1568856 (N.D. Ill. Dec. 10, 2001) .......................................................4

*In re Rite Aid Corp. Sec. Litig.*,
    396 F.3d 294 (3d Cir. 2005)...................................................................................7

*Sanchez v. Roka Akor Chicago LLC*,
    2017 WL 1425837 (N.D. Ill. Apr. 20, 2017) .......................................................4

*Silverman v. Motorola Sols., Inc.*,
    739 F.3d 956 (7th Cir. 2013) .................................................................................7

*Standard Iron Works v. ArcelorMittal*,
    2014 WL 7781572 (N.D. Ill. Oct. 22, 2014)........................................................6

*Vaccaro v. New Source Energy Partners L.P.*,
  2017 WL 6398636 (S.D.N.Y. Dec. 14, 2017) ...........................................................................6

*In re Veeco Instruments Inc. Sec. Litig.*,
  2007 WL 4115809 (S.D.N.Y. Nov. 7, 2007) ............................................................................6

*Young v. City of Chicago*,
  2013 WL 9947387 (N.D. Ill. Dec. 16, 2013) ...........................................................................4

Lead Plaintiffs Louisiana Municipal Police Employees' Retirement System and Varma Mutual Pension Insurance Company, on behalf of themselves and the Settlement Class, and Lead Counsel respectfully submit this reply memorandum of law in further support of (i) Lead Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation (ECF No. 60), and (ii) Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses (ECF No. 63) (together, the "Motions").[1]

## INTRODUCTION

The proposed Settlement resolves this litigation in exchange for a cash payment of $16,000,000. As detailed in Lead Plaintiffs' and Lead Counsel's opening papers (ECF Nos. 60-66), the proposed Settlement is the product of a mediator's recommendation following hard-fought settlement negotiations by the Parties. Lead Plaintiffs and Lead Counsel believe that the Settlement is an excellent result for the Settlement Class in light of the significant risks posed by ongoing litigation, including the substantial risks that their attempt to amend the Complaint in order to address the issues raised by the Court's MTD Order might be unsuccessful or—assuming Lead Plaintiffs overcame that hurdle—in proving that Defendants acted with scienter, and in establishing loss causation and damages. In addition, the Settlement proceeds will be distributed fairly to Settlement Class Members under the proposed Plan of Allocation. Finally, Lead Counsel's request for attorneys' fees of 22% of the Settlement Fund is fair and reasonable in light of the recovery obtained for the Settlement Class, the substantial risks that Lead Counsel faced in litigating the Action, the time and resources that Lead Counsel devoted to the litigation, and fees awarded in comparable cases.

---

[1] Unless otherwise defined, all capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement, dated April 1, 2021 (ECF No. 57-1) (the "Stipulation").

Pursuant to the Court's Order Preliminarily Approving Settlement and Providing for Notice (ECF No. 59) ("Preliminary Approval Order"), the Claims Administrator, under the supervision of Lead Counsel, has conducted an extensive notice program, including mailing notice of the Settlement to over 184,000 potential Settlement Class Members and nominees. In response to this notice program, ***not a single*** Settlement Class Member has objected to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and expenses. In addition, just nineteen (19) requests for exclusion were received, all from individual investors, and those requests represent ***only approximately 0.007%*** of the total number of affected shares of Baxter common stock purchased during the Class Period.

As explained below, this reaction of the Settlement Class further demonstrates that the proposed Settlement, the proposed Plan of Allocation, and the request for attorneys' fees and expenses are fair and reasonable.

## ARGUMENT

Lead Plaintiffs and Lead Counsel respectfully submit that their opening papers demonstrate that the Motions should be granted. The reaction of the Settlement Class, including the lack of any objections by Settlement Class Members, provides additional support for approval of the Motions.

## I.    The Robust Notice Program

Pursuant to the Preliminary Approval Order, the Claims Administrator Epiq Class Action & Claims Solutions, Inc. ("Epiq") conducted an extensive notice program under Lead Counsel's supervision, which included mailing the Notice and Claim Form (together, the "Notice Packet") to potential Settlement Class Members and nominees, publishing the Summary Notice in *The Wall Street Journal* and transmitting the same over the *PR Newswire*, and establishing a settlement

website, www.BaxterSecuritiesLitigation.com, that provides copies of the Notice, Claim Form, and other information and documents related to the Settlement.

Epiq began mailing the Notice Packet to potential Settlement Class Members on May 19, 2021. *See* Sullivan Decl. (ECF No. 66-3), at ¶¶ 4-6. As of August 2, 2021, Epiq had mailed a total of 184,839 Notice Packets. *See* Supplemental Declaration of Owen F. Sullivan ("Supp. Sullivan Decl."), attached hereto as Exhibit 1, at ¶ 2. The Notice informed Settlement Class Members of the terms of the proposed Settlement and Plan of Allocation, and that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 22% of the Settlement Fund and for Litigation Expenses not to exceed $200,000. *See* Notice at ¶¶ 5, 48. The Notice also advised Settlement Class Members of their right to object to the proposed Settlement, to the proposed Plan of Allocation, and/or to the request for attorneys' fees and expenses, as well as to request exclusion from the Settlement Class. *See id*. at p. 3 and ¶¶ 49-64. [2] After the opening papers in support of the Motions were filed on July 6, 2021, the papers were made available on the settlement website, as well as the public docket. *See* Supp. Sullivan Decl. ¶ 3.

As noted above, following this notice program, ***not a single Settlement Class Member has objected*** to the Settlement, the Plan of Allocation, or Lead Counsel's application for fees and Litigation Expenses. Additionally, only nineteen (19) requests for exclusion were received, all submitted either by individuals or by individual or family trusts. *See* Supp. Sullivan Decl. ¶ 5 & Ex. A. Notably, no institutional investors have requested exclusion from the Settlement Class. Of the requests for exclusion received, ten (10) indicate that the persons submitting the requests did

---

[2] The Summary Notice, which informed readers of the proposed Settlement, how to obtain copies of the Notice and Claim Form, and the deadlines for the submission of Claim Forms, objections, and requests for exclusion, was published in *The Wall Street Journal* and released over the *PR Newswire* on June 1, 2021. *See* Sullivan Decl. (ECF No. 66-3), at ¶ 10.

not purchase any shares of Baxter common stock during the Class Period (or believe that they did not do so) and, thus, these persons would not be Settlement Class Members. The investors that submitted requests for exclusion stating that they purchased Baxter common stock during the Class Period indicate that they collectively purchased approximately 3,632 shares of Baxter common stock during the Class Period, which represents only 0.007% of the total number of shares affected by Defendants' alleged conduct, as estimated by Lead Plaintiffs' damages consultant.[3]

## II.     The Reaction of the Settlement Class Supports Approval of the Settlement and Plan of Allocation and the Request for Attorneys' Fees and Expenses

The reaction of class members to a proposed settlement is a significant factor to be considered in judging the fairness and adequacy of a proposed settlement. "The Seventh Circuit has instructed district courts to evaluate the amount of opposition to a settlement among affected parties in deciding whether to approve a class-action settlement." *In re AT & T Mobility Wireless Data Servs. Sales Tax Litig.*, 789 F. Supp. 2d 935, 964 (N.D. Ill. 2011).

The absence of any objections from Settlement Class Members supports a finding that the Settlement is fair, reasonable, and adequate. *See, e.g.*, *Garcia v. J.C. Penney Corp., Inc.*, 2017 WL 3449077, at *1 (N.D. Ill. Aug. 9, 2017) ("The absence of any objections to the Settlement by the Class Members . . . supports approval of the Settlement."); *Sanchez v. Roka Akor Chicago LLC*, 2017 WL 1425837, at *2 (N.D. Ill. Apr. 20, 2017) (same); *Myszka v. Nat'l Collegiate Scouting Ass'n, Inc.*, 2014 WL 1364468, at *1 (N.D. Ill. Mar. 19, 2014) (same); *Young v. City of Chicago*, 2013 WL 9947387, at *2 (N.D. Ill. Dec. 16, 2013) (same); *Retsky Family Ltd. P'ship v.*

---

[3] Certain of the requests for exclusion did not comply with all the requirements for requests for exclusion set forth in the Notice (¶¶ 49-50) and Preliminary Approval Order (¶ 14), because they did not provide details of their transactions in Baxter common stock during the Class Period. In addition, four of the requests for exclusion were received after the July 20, 2021 deadline. Nevertheless, Lead Plaintiffs respectfully request that the Court accept all the requests for exclusion received. Defendants consent to this request.

*Price Waterhouse LLP*, 2001 WL 1568856, at *3 (N.D. Ill. Dec. 10, 2001) (same); *Goldsmith v. Tech. Sols. Co.*, 1995 WL 17009594, at *5 (N.D. Ill. Oct. 10, 1995) ("Not a single objection to the proposed Settlement has been received from any class member. Such a positive response to the Settlement by the Class is strong evidence that the settlement is fair, reasonable, and adequate and should be approved.") (citation omitted).

Moreover, it is significant that no institutional investors—which held a substantial portion of Baxter's publicly traded common stock during the Class Period—have requested exclusion from the Settlement Class or objected to the Settlement. The absence of exclusions and objections from these institutional investors, which have ample means and incentive to request exclusion or object to the Settlement if they deemed it unsatisfactory, is further evidence of the Settlement's fairness. *See, e.g.*, *Kleen Prods. LLC v. Int'l Paper Co.*, 2017 WL 5247928, at *3 (N.D. Ill. Oct. 17, 2017) ("Out of 158,500 Class Members notified of the Settlement, only one Class Member responded by sending a letter regarding allocation of the Settlement Funds. This demonstrates that Class Members support the Settlement and attests to its fairness, particularly since the majority of Class Members are sophisticated businesses with the necessary resources and counsel to analyze the Settlement and make their own determination of its merits."); *Hedberg v. Schanck*, 1985 WL 5825, at *1 (N.D. Ill. Feb. 21, 1985) ("The plaintiff class includes several large and sophisticated institutional investors. It is not without moment that none of them has objected to either the settlement or the fees and expenses requested."); *see also In re Facebook, Inc. IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018) ("That not one sophisticated institutional investor objected to the Proposed Settlement is indicia of its fairness."); *In re AT&T Corp. Sec. Litig.*, 2005 WL 6716404, at *4 (D.N.J. Apr. 25, 2005) (the reaction of the class

"weigh[ed] heavily in favor of approval" where "no objections were filed by any institutional investors who had great financial incentive to object").

The lack of any objections from Settlement Class Members also supports approval of the Plan of Allocation. *See, e.g.*, *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 986 F. Supp. 2d 207, 241 (E.D.N.Y. 2013) (conclusion that the proposed plan of allocation was fair and reasonable was "buttressed by the . . . absence of objections from class members"); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("not one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members.  This favorable reaction of the Class supports approval of the Plan of Allocation.").

Finally, the positive reaction of the Settlement Class should also be considered with respect to Lead Counsel's request for attorneys' fees and Litigation Expenses, including Lead Plaintiffs' request for reimbursement of the costs they incurred in connection with representing the Settlement Class.  The lack of any objections to Lead Counsel's fee and expense request provides further support for finding that that the requested fee award and expenses sought are fair and reasonable. *See Standard Iron Works v. ArcelorMittal*, 2014 WL 7781572, at *2 (N.D. Ill. Oct. 22, 2014) (absence of objections to fee request from a class that included sophisticated business entities "indicates that the fee is fair and reasonable and consistent with prevailing market rates"); *In re Lithotripsy Antitrust Litig.*, 2000 WL 765086, at *2 (N.D. Ill. June 12, 2000) (considering lack of objection to request for attorneys' fees in approving request); *Vaccaro v. New Source Energy Partners L.P.*, 2017 WL 6398636, at *8 (S.D.N.Y. Dec. 14, 2017) ("The fact that no class members have explicitly objected to these attorneys' fees supports their award.").

Additionally, as with approval of the Settlement, Lead Counsel's request for attorneys' fees and Litigation Expenses is also supported, in particular, by the lack of any objections by institutional investors. *See Silverman v. Motorola Sols., Inc.*, 739 F.3d 956, 959 (7th Cir. 2013) (affirming fee award and noting that none of the "[i]nstitutional investors such as pension funds and university endowments hold[ing] claims to more than 70% of the settlement fund [and having] in-house counsel with fiduciary duties to protect the beneficiaries" objected to the fee request); *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (the fact that "a significant number of investors in the class were 'sophisticated' institutional investors that had considerable financial incentive to object had they believed the requested fees were excessive" and did not do so, supported approval of the fee request).

## CONCLUSION

Lead Plaintiffs and Lead Counsel respectfully request that the Court approve the Settlement and the Plan of Allocation, and approve the motion for attorneys' fees and Litigation Expenses. The proposed Judgment approving the Settlement and proposed Orders approving the Plan of Allocation and awarding attorneys' fees and expenses are attached hereto as Exhibits 2, 3, and 4, respectively.

Dated: August 3, 2021                              Respectfully submitted,

                                                   **KESSLER TOPAZ**
                                                   **MELTZER & CHECK, LLP**
                                                   Sharan Nirmul (#90751)
                                                   Joshua A. Materese (#314844)
                                                   280 King of Prussia Road
                                                   Radnor, PA 19087
                                                   Telephone: (610) 667-7706
                                                   Facsimile: (610) 667-7056
                                                   snirmul@ktmc.com
                                                   jmaterese@ktmc.com

**BERNSTEIN LITOWITZ**
**BERGER & GROSSMANN LLP**
Avi Josefson
875 North Michigan Avenue, Suite 3100
Chicago, IL 60611
Telephone: (312) 373-3800
Facsimile: (312) 794-7801
avi@blbglaw.com

-and-

/s/ James A. Harrod
James A. Harrod (admitted *pro hac vice*)
Adam D. Hollander (admitted *pro hac vice*)
Alexander T. Payne (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
Jim.Harrod@blbglaw.com
Adam.Hollander@blbglaw.com
Alex.Payne@blbglaw.com

*Lead Counsel for Lead Plaintiffs*
*and the Settlement Class*