**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| IN RE BAXTER INTERNATIONAL INC. SECURITIES LITIGATION | Case No. 1:19-cv-07786<br><br>District Judge Sara L. Ellis<br><br>Magistrate Judge Jeffrey I. Cummings |

**JUDGMENT APPROVING CLASS ACTION SETTLEMENT**

WHEREAS, an action is pending in this Court entitled *In re Baxter International Inc. Securities Litigation*, Case No. 1:19-cv-07786 (the "Action");

WHEREAS, (a) Louisiana Municipal Police Employees' Retirement System and Varma Mutual Pension Insurance Company (together, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) Baxter International Inc. ("Baxter" or the "Company"), José E. Almeida, and James K. Saccaro (collectively, "Defendants") have entered into a Stipulation and Agreement of Settlement dated April 1, 2021 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, the Court preliminarily approved the Settlement in its Minute Order dated April 20, 2021 and subsequently entered the Parties' agreed-upon preliminary approval order on May 12, 2021 (ECF Nos. 58 & 59, together, the "Preliminary Approval Order"). By its Preliminary Approval Order, this Court: (a) found, pursuant to Rule 23(e)(1)(B), that it (i) would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2) and

(ii) would likely be able to certify the Settlement Class for purposes of the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (c) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on August 10, 2021 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on April 1, 2021; and (b) the Notice and the Summary Notice, both of which were filed with the Court on July 6, 2021.

3. **Class Certification for Settlement Purposes** – The Court hereby certifies for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of

the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons or entities who purchased or otherwise acquired Baxter common stock during the Class Period and were damaged thereby. Excluded from the Settlement Class are Defendants, any person who was an executive officer or director of Baxter during the Class Period, their Immediate Family members, any affiliates of Baxter, and any persons or entities listed on Exhibit 1 hereto who or that are excluded from the Settlement Class pursuant to request.

4.     **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby appoints Lead Plaintiffs as Class Representatives for the Settlement Class and appoints Lead Counsel as Class Counsel for the Settlement Class. Lead Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.     **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for attorneys' fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive

notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal

Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the

Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all

other applicable law and rules. No Settlement Class Member is relieved from the terms of the

Settlement, including the Releases provided for therein, based upon the contention or proof that

such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has

been offered to Settlement Class Members to object to the proposed Settlement and to participate

in the hearing thereon. The Court further finds that the notice provisions of the Class Action

Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has

elapsed. Thus, it is hereby determined that all Settlement Class Members are bound by this

Judgment, except those persons listed on Exhibit 1 to this Judgment.

6.      **CAFA Notice** - The Court finds that the notice requirements set forth in the Class

Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been

satisfied.

7.      **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in

accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully

and finally approves the Settlement set forth in the Stipulation in all respects (including, without

limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with

prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is,

in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class.

Specifically, the Court finds that (a) Lead Plaintiffs and Lead Counsel have adequately represented

the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief

provided for the Settlement Class under the Settlement is adequate taking into account the costs,

risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Settlement Class; and the proposed attorneys' fee award; and (d) the Settlement treats members of the Settlement Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

8.      The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice as to all Defendants. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9.      **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

10.      **Releases** – The Releases set forth in paragraphs 10 and 11 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)      Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Lead Plaintiffs, each of the other Settlement Class Members, and Plaintiffs' Releasees shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished,

waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees as set forth in the Stipulation and shall permanently and forever be barred and enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

(b)     Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Defendants and Defendants' Releasees shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiffs and the other Plaintiffs' Releasees as set forth in the Stipulation, and shall permanently and forever be barred and enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.  This Release shall not apply to any person or entity listed on Exhibit 1 hereto.

11.     Notwithstanding paragraphs 10 (a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

12.     **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

13.     **No Admissions** – This Judgment, the Term Sheet, the Stipulation (whether or not consummated and whether or not approved by the Court), including the exhibits thereto and the

Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), and any discussion, communication, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, or any matter arising in connection with settlement discussions, negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than to enforce the terms of, the Stipulation, and in particular:

(a)      do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants or Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs, or the validity or infirmity of any claim that was or could have been asserted in this Action or in any other litigation, including but not limited to Released Plaintiffs' Claims, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or Defendants' Releasees or  any other person or entity whatsoever; do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Lead Plaintiffs, or any other members of the Settlement Class as evidence of any infirmity in the Lead Plaintiffs' claims, or the other members of the Settlement Class;

(b)      do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Lead Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to

any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Lead Plaintiffs, other members of the Settlement Class, or their respective counsel, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(c)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Lead Plaintiffs or Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; and

(d)     do not constitute, and shall not be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount that could be or would have been recovered after trial; *provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

14.     **<u>Retention of Jurisdiction</u>** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of

8

the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

15.    Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16.    **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action on February 17, 2021, as provided in the Stipulation.

18.　**Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.　Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this 13th day of August, 2021.

_____

The Honorable Sara L. Ellis
United States District Judge

10

**Exhibit 1**

**List of Persons and Entities Excluded from the Settlement Class Pursuant to Request**

1. Paul H. Freedman and
   Patricia A. Freedman Revocable Trust
   Mesa, AZ

2. Frank Pigozzo and
   Dorothy Pigozzo
   Palos Hills, IL

3. Donna L. Hollins and
   Mae Hollins
   Las Vegas, NV

4. Karen Stafford
   Quakers Hill, NSW
   Australia

5. Morris E. Berton
   Golden, CO

6. Nancy S. Rearick Revocable Trust
      UAD 10/14/98
   Nancy S. Rearick, Trustee
   Glastonbury, CT

7. Anita Chocheo, Trustee
   Anita Cocheo Revocable Trust
      U/A 12/27/13
   Mineola, NY

8. William E. Greenlee
   Wappingers Falls, NY

9. Ronald M. Milne
   Seminole, FL

10. Linda M. Khan
    Tampa, FL

11. Geraldine L. Ross, Trustee
       U/A DTD 02/05/07
    Geraldine Ross Declaration Trust
    Wadsworth, IL

12. Peter Lahody
    Vienna, Austria

13. Roger J. Blood
    Sherry J. Blood
    Blood Family Living Trust
       U/A 3/30/17
    Virginia Beach, VA

14. Mary C. Sopkin
    Tampa, FL

15. Melanie Cuschieri
    Zurich, Switzerland

16. Joan E. Kirk
    Warminster, PA

17. Herby R. Doerre and
    Cynthia B. Doerre
    Spring, TX

18. Galli Igor
    Cernusco sul Naviglio, Italy

19. Susan Prasse
    Bethlehem, GA