**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE BAXTER INTERNATIONAL INC. SECURITIES LITIGATION | Case No. 1:19-cv-07786<br><br>District Judge Sara L. Ellis<br><br>Magistrate Judge Jeffrey I. Cummings |

**LEAD PLAINTIFFS' UNOPPOSED MOTION FOR**
**APPROVAL OF DISTRIBUTION PLAN**

Lead Plaintiffs, Louisiana Municipal Police Employees' Retirement System and Varma Mutual Pensions Insurance Company, by and through their attorneys, hereby move this Court for approval of their distribution plan pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and this Court's Order Approving Plan of Allocation of Net Settlement Fund (ECF No. 72) and Judgment Approving Class Action Settlement (ECF No. 71) and for entry of the accompanying [Proposed] Order Approving Distribution Plan ("Class Distribution Order"). This Motion is based upon (i) the Declaration of Alexander P. Villanova in Support of Lead Plaintiffs' Unopposed Motion for Approval of Distribution Plan ("Villanova Declaration") submitted on behalf of the Court-authorized Claims Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq"); (ii) the Memorandum of Law in Support of Lead Plaintiffs' Unopposed Motion for Approval of Distribution Plan; and (iii) all other papers and proceedings herein.[1]

Among other things, the Class Distribution Order would: (i) approve the administrative determinations of Epiq accepting and rejecting Claims submitted in connection with the Settlement

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Villanova Declaration and in the Stipulation and Agreement of Settlement dated as of April 1, 2021 ("Stipulation"). ECF No. 57-1.

reached in the above-captioned Action; (ii) direct the distribution of the Net Settlement Fund to Claimants whose Claims are accepted by Epiq as valid and approved by the Court ("Authorized Claimants"), while maintaining a Reserve for any tax liability or claims administration-related contingencies that may arise; (iii) direct that distribution checks state that the check must be cashed within 90 days after the issue date; (iv) direct that Authorized Claimants will forfeit all recovery from the Settlement if they fail to cash their distribution checks in a timely manner; (v) approve the recommended plan for any funds remaining after the distribution; (vi) approve Epiq's fees and expenses incurred and estimated to be incurred in the administration of the Settlement; (vii) release claims related to the administration process; and (viii) authorize the destruction of Claim Forms and supporting documents at an appropriate time.

Lead Counsel have provided Defendants' Counsel with advance notice of this Motion. Defendants do not oppose this Motion.[2] There are no disputed Claims by any Settlement Class Member requiring Court review, and the motion is ripe for determination. As this matter is fully briefed before the Court, a hearing on this Motion is not required. Lead Counsel respectfully

---

[2] Defendants have no role in or responsibility for the administration of the Settlement or processing of Claims, including determinations as to the validity of Claims or the distribution of the Net Settlement Fund. *See* Stipulation ¶ 25 ("[N]one of the Defendants, nor any other Defendants' Releasees, shall have any responsibility for, interest in, authority, or liability whatsoever with respect to: (i) the selection of the Claims Administrator; (ii) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (iii) the Plan of Allocation; (iv) the management, investment, or disbursement of the Settlement Fund; (v) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.").

request that this Motion be decided on the papers.

Dated: July 7, 2022

Respectfully submitted,

**KESSLER TOPAZ
MELTZER & CHECK, LLP**
Sharan Nirmul (#90751)
Joshua A. Materese (#314844)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
snirmul@ktmc.com
jmaterese@ktmc.com

**BERNSTEIN LITOWITZ
BERGER & GROSSMANN LLP**
Avi Josefson
875 North Michigan Avenue, Suite 3100
Chicago, IL 60611
Telephone: (312) 373-3800
Facsimile: (312) 794-7801
avi@blbglaw.com

-and-

*/s/ James A. Harrod*
James A. Harrod (admitted *pro hac vice*)
Adam D. Hollander (admitted *pro hac vice*)
Alexander T. Payne (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
Jim.Harrod@blbglaw.com
Adam.Hollander@blbglaw.com
Alex.Payne@blbglaw.com

*Lead Counsel for Lead Plaintiffs and the Settlement Class*